UNITED STATES of America, Plaintiff,

v.

Clyde Gene RAMEY et al., Defendants.

No. CR–2–80–7.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 11, 1980.

John H. Cary, U. S. Atty., Knoxville, Tenn., by Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., and Richard K. Harris, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Arthur M. Fowler, Jr., Johnson City, Tenn., Bruce C. Fraser, Winston Salem, N. C., W. Robert Manuel, Erwin, Tenn., and C. Dwaine Evans, Morristown, Tenn., for defendants.

MEMORANDUM OPINION

NEESE, District Judge.

At the arraignment of one of the defendants herein, Mr. Clyde Gene Ramey, on March 3, 1980, while all his codefendants were represented to be either not in arrest or not within the jurisdiction of this Court, the United States attorney of this district moved this Court to issue an order

" * * * allowing the Government to destroy certain caustic[,] flammable and explosive chemicals seized during [sic: in] the execution of a search warrant of one A-frame house in Jefferson County [Tennessee]." In an accompanying memorandum with authorities, it is represented to the Court by the movant that such chemicals are " * * * toxic, corrosive, flammable and explosive and constitute a present danger to property and a threat of personal injury or death to people [sic] in or near the storage area." None of these allegations of fact, apparently relied upon by the movant, is supported by an affidavit as is required by our local Rule 12(a).*

The prosecution failed to provide the Court with a copy of the return to the search warrant to which movant made advertence; failed to specify which "certain" chemicals seized were desired to be destroyed; failed to make any showing that these unidentified chemicals are in fact caustic, flammable or explosive in nature; failed to make any showing that any such chemicals are in fact toxic; failed to make any showing of the manner in which such chemicals constitute " * * * a present danger to property and a threat of personal injury or death to [persons] in or near the storage area * * *," and failed to show where and in what manner such chemicals are stored and potential danger therefrom is guarded against presently.

The movant cited 28 U.S.C. § 1651 (the "all-writs statute") as an authority for his position. This Court's attention has not been called to, and it is not aware of, a single instance in which the "all-writs statute" has been utilized for the purpose of ordering the destruction of non-contraband, unforfeited, property. The movant cited 2 other inapposite authorities. One was *United States v. Heiden*, C.A. 9th (1974), 508 F.2d 898, 902–903, where a chief district judge had entered a general order that " * * * because of *contraband* [emphasis supplied] storage problems * * * in [his] district * * * all but 24 kilo pack-

ages may be destroyed in large marijuana seizures. * * * *" *Ibid.,* 508 F.2d at 902. The other was *United States v. Harris,* C.A. 9th (1976), 543 F.2d 1247, the crux of which holding was that agents of the Federal Bureau of Investigation must preserve the original notes taken by its agents during interviews with prospective prosecution witnesses and accused persons.

In a third authority from the same circuit, cited by the movant, the concurring opinion in *United States v. Heiden, supra,* was cited as disapproving the procedures followed by agents of the Drug Enforcement Administration " * * * in its destruction of * * * evidence * * *" and reiterating the earlier suggestion " * * * that the Government adopt a better procedure for disposing of large seizures of drugs. * * *" *United States v. Young,* 535 F.2d 484 at 488.

Each of the defendants herein is charged in the indictment with 2 or 3 violations of the narcotics laws. Each of those alleged violations is claimed to have a relation to a conspiracy to manufacture a schedule II (21 U.S.C. § 812(a)(B)(5)(II)(c)) nonnarcotic controlled substance, *i. e.,* methamphetamine. The federal drug abuse prevention and control statutes provide for the registration of manufacturers, *inter alia*, of controlled substances, 21 U.S.C. §§ 821, et seq., and persons thus registered are authorized to manufacture those substances to the extent authorized by their registration and in conformity with certain other provisions of the applicable law. 28 U.S.C. § 822(b). It is unlawful for those not thus authorized to manufacture knowingly or intentionally a controlled substance. 21 U.S.C. § 841(a)(1).

■ It is assumed, for purposes of this motion only, that the chemicals seized by government agents under the aforementioned search warrant are contended by the prosecution to have been raw materials used or intended to be used in manufacturing of a controlled substance in violation of those statutes, and that they were seized as evidence for the prosecution's use in investi-

---

* " * * * Counsel shall submit with all written motions * * * where allegations of fact are relied upon, affidavits in support thereof." Local Rule 12(a).

**98**

gations and the trial of the defendants. If so, this is clearly permissible. *Maryland Penitentiary v. Hayden* (1967), 387 U.S. 294, 310, 87 S.Ct. 1642, 18 L.Ed.2d 782, 793–794 [19]. But, this right to seize for those purposes does not convert the seizure into a *de facto* forfeiture by the owners of the chemicals, giving the government the right to destroy them.

■ Someone owns those chemicals. "No person shall * * * be deprived of * * * property, without due process of law * * *." Constitution, Fifth Amendment. " * * * The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated. * * *" *United States v. LaFatch*, C.A. 6th (1977), 565 F.2d 81, 83[1].

■ It was a palpable taking and destruction of property by the government in violation of the Constitution, Fifth Amendment, Due Process Clause, where agents of the federal bureau of alcohol, tobacco and firearms seized weapons upon a search warrant and destroyed them when the weapons were not shown to have been related to any violation of the law and were validly in the owner's possession. *Lowther v. United States*, C.A. 10th (1973), 480 F.2d 1031, 1032–1034. It may be that the chemicals involved are subject to forfeiture under 21 U.S.C. §§ 881(a)(2), et seq. As of now, however, there is absolutely no showing that the seized chemicals have been used or intended to be used by anyone in any significant way in a criminal enterprise. *United States v. U. S. Coin & Currency* (1971), 401 U.S. 715, 721–722, 91 S.Ct. 1041, 1044–1045, 28 L.Ed.2d 434, 439[2]. Therefore, this Court is not authorized to order their destruction.

As the United States attorney is aware of the present danger of property and potential danger to humans located in or near wherever the present storage area may be in this district, he is admonished to see to it that extreme care and caution are used in avoiding the attendant perils. Because of these possibilities, the Court will hold in abeyance his motion pending further representations.

