In re **APPLICATION FOR WARRANT TO SEIZE ONE 1988 CHEVROLET MONTE CARLO and One 1987 Chevrolet Camaro.**

**Crim. A. No. 87–1640–MP.**

United States District Court,
D. Massachusetts.

Jan. 15, 1988.

Mary Elizabeth Carmody, Asst. U.S. Atty., Springfield, Mass., for the Government.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

### I. INTRODUCTION

On December 7, 1987 government law enforcement agents, through an Assistant United States Attorney, filed a warrant application along with an affidavit before a United States Magistrate seeking authorization to seize two automobiles pursuant to 21 U.S.C. § 881(a)(6) on the ground that the vehicles were purchased solely from drug trafficking proceeds. On December 10, 1987 the Magistrate issued a memorandum refusing to grant the civil seizure warrants. Although he found probable cause existed to seize the automobiles, the Magistrate determined that under relevant United States Code provisions, the government must execute formal judicial process by filing a complaint as a prerequisite to acquiring a civil seizure warrant for a non-exigent seizure. The government objects to the Magistrate's legal finding, claiming it need not file a complaint before obtaining a seizure warrant under 21 U.S.C. § 881, and requests that this Court issue the seizure warrants.

### II. BACKGROUND

It is clear that, in this circuit, the government must obtain a warrant issued by a judicial officer before seizing property pursuant to 21 U.S.C. § 881 in the absence of exigent circumstances. *See United States v. Pappas*, 613 F.2d 324, 329–30 (1st Cir. 1980) (en banc).[1]

There are no exigent circumstances involved in this case, and based on information in the government's affidavit, the vehicles at issue are the type of property subject to forfeiture. 21 U.S.C. § 881(a)(6) authorizes forfeiture of "all proceeds traceable to [a controlled substance] exchange."[2] The Magistrate found that, based on the affidavit submitted with the warrant application, probable cause existed to believe that the purchases of the automobiles were traceable to narcotics exchanges.

The question raised in this case is whether the government needs to file a complaint and institute formal judicial process to effectuate forfeitures of property seized under 21 U.S.C. § 881, or whether it may avoid the courts by utilizing the less rigid administrative forfeiture provisions set forth in 19 U.S.C. §§ 1602 *et seq.*

### III. DISCUSSION

When Congress enacted the forfeiture law codified at 21 U.S.C. § 881 in 1970, it did not draft with it a set of procedural rules for the judiciary to use in adjudicating section 881 seizures. Instead, in section 881(b), Congress incorporated by reference the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") (reprinted following the

---

**1.** Chief Judge Campbell dissented from the majority's reasoning in *Pappas,* stating that non-exigent warrantless seizures are permissible under 21 U.S.C. § 881. Chief Judge Campbell's position has been approved by the Third, Fourth and Fifth Circuits, which have all expressly rejected *Pappas. See United States v. One 1978 Mercedes Benz,* 711 F.2d 1297, 1300–02 (5th Cir. 1983); *United States v. Kemp,* 690 F.2d 397, 400–02 (4th Cir.1982); *United States v. One 1977 Lincoln Mark V Coupe,* 643 F.2d 154, 158 (3d Cir.1981). *But see United States v. Spetz,* 721 F.2d 1457, 1469–73 (9th Cir.1983). Notwithstanding the wave of criticism of *Pappas,* the decision is binding on this Court.

**2.** 21 U.S.C. § 881(a) provides in part:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

....

(6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

Federal Rules of Civil Procedure) to govern all civil forfeitures in the absence of one of four exceptions.[3] The government does not dispute the Magistrate's conclusion that, based on First Circuit law and the circumstances of this case, none of the section 881(b) exceptions are applicable here. *See United States v. Pappas,* 613 F.2d at 329–30. Since none of the exceptions are relevant, section 881(b) directs that the Supplemental Rules be used. These rules require the government to file a complaint against the forfeitable property. *See In the Matter of the Application of Kingsley,* 802 F.2d 571, 575 (1st Cir. 1986) (government must file complaint under Supplemental Rules). It has failed to do so and, thus, the Magistrate refused to issue the requested seizure warrants.

In objecting to the Magistrate's actions, the government points out that Congress, *after* the *Kingsley* decision, amended 21 U.S.C. § 881(b), and argues that the amendment requires this Court to reverse the Magistrate. It is true that in 1986 Congress amended section 881(b). The last sentence of this section now reads, "[t]he government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." The government maintains that this new sentence obviates the requirement that it file a complaint before obtaining the seizure warrants it seeks and that the warrants should issue because the

Magistrate has found probable cause exists to seize the automobiles.

This Court cannot agree with the government's interpretation of the 1986 amendment. The government cites no cases discussing this recent amendment and there is no legislative history helpful to the analysis. While the amendment was passed as part of the Anti–Drug Abuse Act of 1986 which was designed, in part, to "improve enforcement of Federal drug laws and enhance the interdiction of illicit drug shipments," Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, 1986 U.S.Cong. & Admin.News (100 Stat.) 3207, this Court concludes that the 1986 amendment does nothing but clarify a principle already adhered to in this circuit. As mentioned *supra,* the First Circuit in *Pappas* decided that, to effectuate a non-exigent seizure, the government must obtain a warrant from a judicial officer who, in turn, must determine there is probable cause to support the seizure before issuing the warrant. Hence, the amendment which states that the process for obtaining a seizure warrant is the same as that used to obtain search warrants under the Federal Rules of Criminal Procedure—namely, upon a finding of probable cause by a judicial officer—merely codifies a practice heretofore used by this Court.[4] *See United States v. One 1974 Porsche 911–S,* 682 F.2d 283, 285 (1st Cir.1982) (treating probable cause determination for seizure warrants same as standards used for search warrants *before* section 881(b) amended).

---

**3.** The exceptions specified by 21 U.S.C. § 881(b) allow the government to directly seize items declared forfeitable in section 881(a), without prior judicial approval, in the following circumstances:

(b) Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when—

(1) the seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;

(2) the property subject to seizure has been the subject of a prior judgment in favor of the United States in a criminal injunction or forfeiture proceeding under this subchapter;

(3) the Attorney General has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

(4) the Attorney General has probable cause to believe that the property is subject to civil forfeiture under this subchapter.

**4.** The amendment *will* affect courts in other circuits which allow seizure warrants to be issued under the Supplemental Rules upon a showing less than that required for obtaining a search warrant. *See, e.g., United States v. Johnson,* 572 F.2d 227 (9th Cir.1978).

**60**

The Court appreciates the government's argument that it is illogical to require formal complaints and judicial proceedings in adjudicating non-exigent seizures, yet allow freewheeling exigent seizures to be carried out in administrative forfeiture proceedings pursuant to the section 881(b)(1)–(4) exceptions, where the substantive and procedural protections are far weaker. This result could not have been intended by our Nation's lawmakers. However, like so many other cases involving "patchwork" legislation, it is beyond the province of this Court to attempt a remedy. The Supplemental Admiralty Rules do not lend themselves well to domestic forfeitures and, as stated recently by the Eleventh Circuit, existing seizure laws are a procedural morass. *See United States v. 38,000 in United States Currency*, 816 F.2d 1538, 1540 (11th Cir. 1987). To sharpen the teeth of greatly needed forfeiture laws, a clear and unified set of procedures is needed to effectively adjudicate seizures, balancing the government's attempt to fight the horrific drug problem with the Bill of Rights.

Finally, the Court wishes to add that federal law enforcement agents may still make use of administrative forfeiture provisions in this Court in seizures involving section 881(b)(1)–(4) exceptions (e.g., where a seizure is made incident to an arrest). However, in cases not involving one of these exceptions, the government will be required to file a complaint.

## IV. CONCLUSION

The Court agrees with the Magistrate's Memorandum and Order and DENIES the government's request for the issuance of seizure warrants absent the filing of a complaint.

It is So Ordered.