In re Application for **WARRANT TO SEIZE ONE 1988 CHEVROLET MONTE CARLO and one 1987 Chevrolet Camaro.**

**Appeal of UNITED STATES of America.**

**No. 88–1304.**

United States Court of Appeals, First Circuit.

Heard Sept. 14, 1988.
Decided Nov. 14, 1988.

Robert L. Ullmann, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., was on brief for petitioner.

Before TORRUELLA and SELYA, Circuit Judges, and ATKINS,* Senior District Judge.

SELYA, Circuit Judge.

This appeal raises a single, straightforward question: can a district court issue warrants authorizing the seizure of automobiles for civil forfeiture where (i) probable cause has been shown, but (ii) no complaint in rem has been filed, (iii) the property has not been the subject of an earlier judgment, and (iv) no exigent circumstances exist? The United States District Court for the District of Massachusetts answered

* Of the Southern District of Florida, sitting by

this inquiry in the negative and refused to underwrite the warrants. *In re Application For Warrant,* 677 F.Supp. 57 (D.Mass.1988). We reverse.

## I

In late 1987, the government presented a warrant application and supporting affidavit to a United States magistrate, but did not file a complaint in rem prior thereto or simultaneous therewith (presumably because it sought to forfeit the property administratively rather than judicially). The affidavit set forth facts which the magistrate found met the jurisdictional requirements for administrative forfeiture under the drug laws. He also determined that there was probable cause to believe that two described motor vehicles were purchased with drug trafficking proceeds and were thus amenable to forfeiture under 21 U.S.C. § 881(a)(6). The automobiles had not been the subject of an earlier judgment in favor of the United States. And there were no exigent circumstances.

The magistrate declined to authorize the warrants due to the lack of a complaint. The government objected. The district court upheld the magistrate. It ruled that to effectuate a non-exigent seizure, the government must file a complaint in rem as a prerequisite to obtaining a warrant. A timely notice of appeal followed.

## II

In our estimation, this appeal is properly before us because the district court's denial of the seizure warrants was a final decision within the ambit of 28 U.S.C. § 1291. Although we have found no case squarely in point, we take a "pragmatic approach ... in determining finality." *Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 486, 95 S.Ct. 1029, 1042, 43 L.Ed.2d 328 (1975). After all, the circumstances are unexampled and the finality requirement under section 1291 should be given a "practical rather than a technical construction." *Cohen v. Beneficial Industrial*

designation.

*Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949).

Here, the application was not filed as a subset of some pending litigation, but itself comprised an independent, self-contained proceeding. The district court's refusal to grant it was, to all intents and purposes, the end of the line. The order resolved the whole of the matter. The sought-after warrants became a dead letter, unreviewable forever if not reviewable now. The district court's order, therefore, was entirely dispositive, hence "final" in the requisite section 1291 sense, hence appealable. *Cf. Application of United States*, 563 F.2d 637, 641 (4th Cir.1977) (denial of wiretap application appealable under 28 U.S.C. § 1291); *Application of United States*, 427 F.2d 639, 642 (9th Cir.1970) (same).[1]

### III

■ As amended by the Anti–Drug Abuse Act of 1986 (ADAA), Pub.L. No. 99–570, § 1865, 100 Stat. 3207 (Oct. 27, 1986), the operative statute now reads in its entirety:

> Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that seizure without such process may be made when—
>
> (1) the seizure is incident to an arrest or a search under a search warrant or an inspection under an administrative inspection warrant;
>
> (2) the property subject to seizure has been the subject of a prior judgment in favor of the United States in a criminal injunction or forfeiture proceeding under this subchapter;
>
> (3) the Attorney General has probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

> (4) the Attorney General has probable cause to believe that the property is subject to civil forfeiture under this subchapter.
>
> In the event of seizure pursuant to paragraph (3) or (4) of this subsection, proceedings under subsection (d) of this section shall be instituted promptly. *The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure.*

21 U.S.C. § 881(b) (West 1988) (emphasis supplied). The relevant language states in essence that forfeitable property *may* be seized upon process issued pursuant to the Supplemental Admiralty Rules, not that property can *only* be seized pursuant to such process. By amending 21 U.S.C. § 881(b) to add the underscored language, Congress plainly set off to increase the available options. The reference to the Criminal Rules seems unarguably a reference to Fed.R.Crim.P. 41, a rule which addresses in some detail the procedures for issuance of search warrants. It is beyond cavil that such warrants—so long as the other criteria for their issuance have been met—are often approved independent of any pending proceeding. The Criminal Rules do not necessitate filing of a complaint as a condition precedent to obtaining a search warrant.

In our view, this ends the matter. The Rule 41 paradigm must control, for the purport of the 1986 amendment is clear and unambiguous: the government may request a seizure warrant "in the same manner" as it may request a search warrant— and that manner does not include a complaint requirement. There is a "strong presumption that Congress expresses its intent through the language it chooses." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 1213 n. 12, 94 L.Ed.2d 434 (1987). Accordingly, the plain meaning of

---

1. Because we have appellate jurisdiction under 28 U.S.C. § 1291, we need not consider the government's alternative argument that manda-
mus lies under 28 U.S.C. § 1651(a) to compel the court below to issue the seizure warrants.

the statute conclusively settles the question, *United States v. James,* 478 U.S. 597, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986), unless there is some clearly expressed legislative intention to the contrary. *See Hernandez Colon v. Secretary of Labor,* 835 F.2d 958, 964 (1st Cir.1988). Here, there is none.

If this conclusion needs to be buttressed—and we think shoring up so solid a proposition is tantamount to delivering coal to Newcastle—we note that giving the amendment its ordinary denotation enhances the discernible policy objectives of the forfeiture laws, keeping civil forfeiture actions of a certain size (under $100,000) on the administrative rather than the judicial side. So read, the law conserves hard-pressed judicial resources and facilitates resort to the simpler, quicker, less expensive administrative procedure which Congress thought it advisable to formulate.[2] To the contrary, the district court's reading of § 881(b) would disserve this end and, in the bargain, produce the curious result that a vehicle seized under exigent circumstances or incident to arrest, without any judicial finding of probable cause (*i.e.,* without a warrant), could be forfeited administratively; but if the government had first demonstrated probable cause for forfeiture to a judicial officer, it would be blocked from employing the device of administrative forfeiture and forced to engage the more cumbersome gears of judicial forfeiture. The district court, notwithstanding its endorsement of so unwieldy a construction, conceded that this result would be "illogical" and "not ... intended by our Nation's lawmakers." *Application for Warrant,* 677 F.Supp. at 60. Yet the court felt bound by circuit precedent to read the statute to require the filing of a complaint in the circumstances in question. *Id.* at 59. We disagree. The plain purport of the words counsels otherwise. And although the law is not always perfectly symmetrical—indeed, we have considerable sympathy with the district court's comment that "existing

seizure laws are a procedural morass," *id.* at 60—we should not strain to achieve so inscrutable an outcome without compelling reason.

Moreover, despite the lack of any legislative history on the ADAA amendments to section 881(b), the congressional annals relating to the comparable provision in the money-laundering forfeiture statute (passed in the same session) make manifest an unmistakable intention to allow warranted seizures without prefiling in rem actions:

> Property may be seized by the Attorney General or the Secretary of the Treasury upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims (see Rule C in particular, last amended January 1, 1968) by a District Court of the United States having jurisdiction over the property. *Seizure without such process may be made ... if the Attorney General or the Secretary of the Treasury has obtained a warrant under the Federal Rules of Criminal Procedure.*

H.R.Rep. No. 855, 99th Cong., 2d Sess., pt. 1, at 17 (1986) (emphasis supplied). We see this provision and the 1986 amendment to section 881(b) as being in *pari passu;* and the underscored precept holds true, we believe, under the latter law.

Before leaving this point, we remark that, effective August 1, 1985, Congress amended Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The amendment decreed that verified complaints under the Rules should be reviewed by the district court before issuance of a warrant, "[e]xcept in actions by the United States for forfeitures for federal statutory violations...." The advisory committee cautioned that the "requirements for prior court review ... do not apply to actions by the United States for forfeitures...." *See* Rule C(3), Supplemental Rules for Certain Admiralty and Maritime Claims, advisory committee note.

---

**2.** In the war being waged against drug traffickers, administrative forfeiture seems to be the dog, rather than the wagging tail. Federal Drug Enforcement Administration (DEA) records reveal that DEA initiated 10,255 administrative forfeiture proceedings in fiscal 1987 as compared to 2,126 judicial forfeitures.

In our view, the carving-out of this exception serves as a fitting prelude to the ensuing amendment of section 881(b), and is thoroughly consistent with the conclusion which we reach on this appeal.

## IV

Unlike the district judge and the magistrate, we do not believe that precedents of this court in any way compel obeisance to some imagined prefiling requirement. The focus of the lower court's concern, *Application of Kingsley*, 802 F.2d 571 (1st Cir. 1986), antedated enactment of the ADAA, and is thus inapposite. When *Kingsley* was decided, the government had only two alternative modes of effectuating seizures pursuant to 21 U.S.C. § 881(b): obtaining process issued pursuant to the Supplemental Admiralty Rules upon the filing of an action in rem or, if one of the four numbered exceptions to the warrant requirement contained in section 881(b) applied, *see supra* at 4, taking the property and thereafter promptly instituting forfeiture proceedings (administrative or judicial). In *Kingsley*, "the government had failed to follow either of the 21 U.S.C. § 881(b) seizure procedures...." 802 F.2d at 574. But the ADAA amendments altered the legal landscape and created a third seizure alternative: if the government chose not to invoke the Supplemental Admiralty Rules and if a contemplated seizure fell outside the quartet of numbered exceptions, the government could still obtain a seizure warrant "in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." This is an alternative which, as we have outlined, does not demand that a judicial complaint be filed prior to, or simultaneous with, issuance of the warrant.[3] *See supra* Part III. It did not exist when we decided the earlier case; and the new avenue was in no way sealed off by *Kingsley*.

Nor does *United States v. Pappas*, 613 F.2d 324 (1st Cir.1980), suggest a different result. In *Pappas*, we held that the government—absent exigent circumstances—must obtain a warrant from a judicial officer, upon a showing of probable cause, before seizing property under 21 U.S.C. § 881. *Pappas*, 613 F.2d at 329–30. Though the government has made no secret of its disagreement with our holding in *Pappas*, e.g., Appellant's Brief at 12–13,[4] that disagreement is immaterial in the instant case. Our core concern in *Pappas* was the perceived constitutional requirement that probable cause be shown before property be seized, *id.* at 328–29, not some supposed need to commence formal judicial proceedings prior to obtaining a warrant. Here, the magistrate and the district court both found that the government had satisfactorily demonstrated the existence of "probable cause ... to believe that the purchases of the [described] automobiles

---

**3.** Whether dealing with a warrantless seizure under exigent circumstances, a seizure made in consequence of process issued under the Supplemental Admiralty Rules, or a warranted seizure made in accordance with the modality limned by the Criminal Rules, any aggrieved party will enjoy substantially the same constitutional and statutory safeguards. Following any such seizure, the statute itself requires that formal forfeiture proceedings (judicial or administrative) "shall be instituted promptly." 21 U.S.C. § 881(b). If not done, the forfeiture action may be dismissed. *See United States v. $8,850*, 461 U.S. 555, 562–65, 103 S.Ct. 2005, 2010–12, 76 L.Ed.2d 143 (1983). Then again, potential claimants have the right to seek an order to force the government to begin forfeiture proceedings or return the seized property. *Id.* at 569, 103 S.Ct. at 2014–15. Or, under the aegis of Fed.R.Crim.P. 41(e), persons aggrieved can file motions for return of property. *See Kingsley*, 802 F.2d at 580 (Coffin, J., concurring); *id.* at

581 (Torruella, J., dissenting). These anodynes, when added to the warrant-upon-probable-cause requirement which we adopted in *United States v. Pappas*, 613 F.2d 324, 329–30 (1st Cir.1980), ensure an ample panoply of constitutional and statutory protections.

**4.** *Pappas*, to be sure, has been considerably beleaguered. *See Application for Warrant*, 677 F.Supp. at 58 n. 1 (discussing "wave of criticism" trailing in wake of *Pappas*) (collecting cases elsewhere expressly rejecting *Pappas* holding); *see also United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1163 (2d Cir.1986) (probable cause showing unnecessary before or *immediately* after seizure under 21 U.S.C. § 881); *cf. United States v. $8,850*, 461 U.S. at 562 n. 12, 103 S.Ct. at 2011 n. 12. Because our decision today is not at odds with *Pappas*, we take no view as to its continued vitality if, as, and when appropriately reconsidered.

were traceable to narcotics exchanges." *Application for Warrant*, 677 F.Supp. at 58. Thus, notwithstanding that there was no complaint in rem, *Pappas* was altogether satisfied.

Viewed realistically, our precedents are in harmony with the ruling which we make today: where probable cause has been demonstrated, a district court has authority to grant a seizure warrant for civil forfeiture of personal property (such as an automobile) despite the absence of exigent circumstances or an earlier forfeiture judgment, and the fact that no complaint in rem has been docketed. Thus, we signal no tergiversation. *See United States v. Kingsley*, 851 F.2d 16, 18 n. 1 (1st Cir.1988) ("It is, of course, perfectly proper to seize assets prior to the filing of a civil claim or a criminal indictment....") (dicta).

## V

We need go no further. In enacting the ADAA and amending 21 U.S.C. § 881(b), Congress explicitly fashioned a procedure for use in seizing forfeitable personal property without first commencing in rem forfeiture actions in the district court. At least where, as here, probable cause has been shown to a judicial officer at the outset, nothing in the federal Constitution, the relevant statutes, or the caselaw of this circuit thwarts the implementation of this procedure according to its unvarnished terms and forthright tenor. Inasmuch as we are bound in this instance to follow the plain language of the law and the clearly-revealed intendment of the Congress, the judgment of the district court must be

REVERSED.