715 F.Supp. 266 (1989)
Mortimer George ALLEN, III, Plaintiff,
v.
William C. TUCKER, et al., Defendants.
No. 88-1034 C(5).
United States District Court, E.D. Missouri, E.D.
July 6, 1989.
*267 Mortimer George Allen, III, St. Louis, Mo., pro se.
Henry Fredricks, Asst. U.S. Atty., St. Louis, Mo., for defendants.

JUDGMENT AND ORDER
LIMBAUGH, District Judge.
Plaintiff filed this forty-seven count complaint against defendant United States for violation of plaintiff's constitutional rights. The matter is now before the Court on defendant's motion for summary judgment or alternative motion to dismiss.
Courts have repeatedly recognized that summary judgment is a harsh remedy which a court should only grant when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mutual Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Even though courts do emphasize that summary judgment is an extreme measure, they recognize its beneficial purpose of avoiding useless, expensive and time-consuming trials when there really is nothing for the trier of fact to determine. Lyons v. Bd. of Education of Charleston, 523 F.2d 340, 347 (8th Cir.1975).
The standards for determining whether to grant summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court shows that "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden of proof is on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., 838 F.2d 268, 273-74 (8th Cir.1988). Once the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must then bear the burden of setting forth specific facts to show there is evidence in its favor for a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
A court must evaluate every summary judgment motion by viewing the evidence and inferences therefrom in the light most favorable to the party opposing the motion. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). Nonetheless, the motion must be construed in light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein. United States v. Property Identified as 3120 Banneker Drive, 691 F.Supp. 497, 499 (D.C.C.1988).
This court's analysis must begin with the appropriate forfeiture statute. Section 881(a) of Title 21 of the United States Code defines the property which shall be subject to forfeiture to the United States. Section 881(a)(2) of Title 21 provides that all raw materials, products and equipment of any kind which are used or intended for use in manufacturing, compounding, processing, delivering, importing or exporting any controlled substance in violation of this subchapter shall be subject to forfeiture to the United States and no property interest shall exist in them. Section 881(a)(4) further provides that all vehicles which are used or intended for use in any manner to facilitate the transportation of property described in § 881(a)(2) shall also be subject to forfeiture to the United States with no property right existing therein.
An action brought pursuant to § 881 is an in rem civil suit. By existing law, property is forfeited the instant it is used in violation of the drug laws. Nonetheless, the government must bring an in rem action in order to take possession. United States v. Kemp, 690 F.2d 397, 401 (4th Cir.1982); United States v. O'Reilly, 486 F.2d 208 (8th Cir.), cert. denied 414 *268 U.S. 1043, 94 S.Ct. 546, 38 L.Ed.2d 334 (1973). An exception is made, however, in cases where seizure is made incident to arrest. Under such circumstances, the government is not required to file a complaint first before it takes possession. In re Warrant to Seize One 1988 Chevrolet Monte Carlo, 861 F.2d 307, 310 (1st Cir. 1988).
Obviously, it would be unconstitutional to deprive a citizen of his property without giving that citizen an opportunity to be heard. United States v. Two Tracts of Real Property Containing 30.80 Acres, 665 F.Supp. 422 (M.D.N.C.1987). Nonetheless, the seizure of property before a hearing is not unconstitutional provided that the claimant is eventually given an opportunity to demonstrate why the property should not be forfeited. United States v. 26.075 Acres, Located in Swift Creek Tp., 687 F.Supp. 1005, 1012 (E.D.N. C.1988); Two Tracts of Real Property, 665 F.Supp. at 425. A claimant's contention that his procedural due process rights have been violated without a hearing prior to the taking of his property is untenable when the claimant is afforded the full weight of judicial process in proceedings, such as these presently before the Court, to determine if the claimant's property was properly forfeited to the government. 26.075 Acres, 687 F.Supp. at 1012.
The government has the initial burden in civil forfeiture to establish the appropriateness of the forfeiture statute. The government must demonstrate probable cause that the property was involved in violation of narcotics statutes. United States v. One 1986 Mercedes Benz, 846 F.2d 2, 4 (2d Cir.1988); United States v. 1964 Beechcraft Baron, 691 F.2d 725, 727 (5th Cir.1982); United States v. $83,320 U.S. Currency, 682 F.2d 573, 577 (6th Cir. 1982); Banneker Drive, 691 F.Supp. at 499. Under § 881(a)(4), the government has the burden of proving that probable cause exists to believe a vehicle subject to forfeiture was used in transport of raw materials intended for use in the manufacturing of a controlled substance. United States v. 1964 Beechcraft Baron Aircraft, 691 F.2d 725 (5th Cir.1982); Vance v. United States, 676 F.2d 183, 187 n. 7 (5th Cir. 1982). With regard to chemicals, a court is authorized to order their destruction if probable cause exists that the seized chemicals had been used or were intended for use by anyone in any significant way in a criminal enterprise. United States v. Ramey, 490 F.Supp. 96, 98 (E.D.Tenn.1980).
"Probable cause" is more commonly used in the search and seizure context, but its meaning is no different in forfeiture cases. The government must supply evidence that, under the totality of the circumstances, establishes reasonable grounds for believing that the property facilitated, or was intended to facilitate, the sale of drugs. United States v. One 1974 Porsche 911-S, 682 F.2d 283, 285 (1st Cir.1982); Banneker Drive, 691 F.Supp. at 499. The finding may be supported by less than prima facie proof, but must be supported by more than mere suspicion. One 1986 Mercedes Benz, 846 F.2d at 4; One 1964 Beechcraft Baron, 691 F.2d at 727.
Once the government has met its burden, and made its showing of probable cause, the burden then shifts to the claimant who must show by a preponderance of the evidence that the property was not involved in violations of the narcotics laws, or is otherwise not subject to forfeiture. United States v. Brock, 747 F.2d at 762; Banneker Drive, 691 F.Supp. at 499. Forfeiture will not lie where the owner proves not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property. Calero-Toledo v. Pearson, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); United States v. 1966 Beechcraft, 777 F.2d 947, 951 (4th Cir.1985).
In this case, the government has submitted numerous affidavits, records and other relevant documents that are uncontroverted. The evidence establishes that in late 1985 defendant Special Agent Tucker received information from Betsy Taylor of Taylor Chemical Company in St. Louis indicating that she had received a suspicious order for chemicals and lab equipment. *269 The chemicals ordered were on a precursor chemical watch list furnished to the company by the Drug Enforcement Agency. A chemist of the Drug Enforcement Agency stated in his report that the drugs ordered could be used to produce methamphetamine. As a result of the orders placed with the chemical supply company, an investigation was initiated of plaintiff's coconspirators. The two-month long investigation revealed the involvement of plaintiff in a conspiracy to set up a clandestine methamphetamine laboratory in late February 1986.
On February 22, 1986, it was determined that plaintiff was acting as the group's chemist and was going to "cook" the methamphetamine that night. Plaintiff was observed using his 1983 Ford pickup truck to transport chemicals and equipment to the site of the clandestine laboratory. The lab site was a red-frame single family dwelling with a green roof in Franklin County.
The informant told defendants that plaintiff intended to have a final product by 6:00 the evening of the 22nd. Defendants then met with Assistant United States Attorney Debra Herzog to obtain a search warrant for the lab site on February 22, 1986. A search warrant was obtained from United States Magistrate David D. Noce, and the clandestine laboratory was raided on that date. Plaintiff was arrested. After the arrest, the search warrant was executed. Plaintiff's chemicals, laboratory apparatus and weapons were seized that day.
On that same day, agents of the Drug Enforcement Agency seized a 1983 Ford Ranger pickup truck pursuant to 21 U.S.C. § 881(a)(4). The title was in plaintiff's name. The lien holder was Centerre Bank in Columbia, Missouri. The truck was quick-released to Centerre Bank on March 19, 1986. The balance on plaintiff's loan was $6,045.48; the truck was valued at $4,625.00.
On February 22, 1986, Magistrate Noce also ordered "1. That Special Agent Tucker photograph or have photographed any chemicals described in the affidavit submitted in support of the search warrant and attached documents; 2. That Special Agent Tucker extract and seal samples of each said chemical as evidence and/or for testing; and 3. That Special Agent Tucker destroy or have destroyed at the direction of the Drug Enforcement Agency chemist the balance of said chemicals." The chemicals and equipment were destroyed pursuant to this court order, subsequent to plaintiff's criminal conviction on March 19, 1986.
Plaintiff was indicted on March 6, 1986 by the federal Grand Jury. Plaintiff pleaded guilty to the charge of knowingly and intentionally manufacturing, distributing or dispensing a controlled substance. Plaintiff was sentenced to serve six years.
In the case before the Court, plaintiff first contends that he was deprived of his property without a hearing in violation of his constitutional rights. First, defendants' seizure of plaintiff's property, the raw chemicals and the truck, was incident to the arrest of plaintiff. Thus, defendants did not need to bring an in rem action prior to the seizure. Furthermore, plaintiff cannot contend that his procedural due process rights are violated because he is presently being afforded the full weight of judicial process in the case now before this Court.
The government initially bore the burden to demonstrate probable cause that the property was involved in violation of narcotics laws. Defendants stated in their affidavits that they witnessed plaintiff using his truck to transport raw materials and equipment to the laboratory site. The raw materials and equipment were more than likely intended for use in the manufacturing of a controlled substance, as defendants' DEA chemist stated in his affidavit. Furthermore, plaintiff admitted to his guilt when he pleaded guilty. On the basis of the undisputed evidence, the Court finds that there is probable cause to believe that plaintiff's vehicle was used in the transport of raw materials intended for use in the manufacturing of a controlled substance. 1964 Beechcraft Baron Aircraft, 691 F.2d at 727; Vance, 676 F.2d at 187.
With regard to the chemicals, defendants have also established their burden of proving that the chemicals had been used, or were intended for use, by plaintiff in any *270 significant way in a criminal enterprise. Ramey, 490 F.Supp. at 98. Plaintiff's own admission of guilt sufficiently meets this burden. The DEA's chemist further supports this conclusion. Defendants properly destroyed the chemicals pursuant to Magistrate Noce's order.
In light of the government's showing, plaintiff has the burden to prove that the property was not used to facilitate a narcotics transaction, or for some other reason the forfeiture statute is inappropriate. Banneker Drive, 691 F.Supp. at 500. Plaintiff has failed to meet this burden. In fact, the plaintiff has pleaded guilty to using the chemicals and equipment for purposes of violating the narcotics laws.
In short, the government has met its burden and has established probable cause to believe that the vehicle and raw chemicals were used by plaintiff to facilitate the commission of a narcotics offense. Plaintiff has not overcome that showing nor has he established a genuine dispute of material fact. The vehicle and chemicals were properly forfeited to the United States. Thus, the court will grant defendants' motion for summary judgment on this ground. The court need not address defendants' alternative motion to dismiss based on defendants' immunity.
Accordingly,
IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment is hereby entered in favor of defendants and against plaintiff in this cause of action.
IT IS FINALLY ORDERED that all other outstanding motions are DENIED as moot.