865 F.2d 360
 275 U.S.App.D.C. 141
 UNITED STATES of America
v.
Steve FAFOWORA, a/k/a Olatunde Fafowora, Appellant.
UNITED STATES of America
v.
Robert L. BULLOCK, a/k/a Bobby Bullock, Appellant.
UNITED STATES of America
v.
Sharon S. JONES, a/k/a Stella Kachmar, Appellant.
 Nos. 88-3011, 88-3013 and 88-3014.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Dec. 12, 1988.
Decided Jan. 13, 1989.
Certified Question Dismissed Feb. 21, 1989.
See 109 S.Ct. 1105.
Judgment of March 21, 1989.
 
 Appeals from the United States District Court for the District of Columbia (Criminal Action Nos. 87-0328-01, 04 and 05).
 Calvin Steinmetz (appointed by the Court), Washington, D.C., for appellants in Nos. 88-3011, 88-3013 and 88-3014.
 William Mark Nebeker, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, Mary Ellen Abrecht and Paul L. Knight, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee in Nos. 88-3011, 88-3013 and 88-3014.
 Before WALD, Chief Judge, EDWARDS and D.H. GINSBURG, Circuit Judges.
 Opinion for the Court filed by Circuit Judge D.H. GINSBURG.
 D.H. GINSBURG, Circuit Judge:
 
 
 1
 This is an appeal from the three convictions arising out of a Drug Enforcement Administration (DEA) undercover narcotics operation. We affirm denial of appellant Robert L. Bullock's and appellant Sharon S. Jones's motions to suppress evidence. We certify to the Supreme Court the Sixth Amendment question raised by appellant Steven Fafowora's challenge to denial of his motion for release of funds. Finally, we affirm the district court's denial of Bullock's and Fafowora's motions to sever their cases from that of Jones, denial of Jones's motion to remove a juror, and denial of all appellants' motions for mistrial following a jury tampering incident.
 
 I. BACKGROUND
 
 2
 Following trial in the district court, appellant Fafowora was found guilty of possession with intent to distribute a kilogram or more of heroin, conspiracy to distribute heroin, conspiracy to possess heroin with intent to distribute, and three counts of using a telephone to facilitate such transactions. Appellants Bullock and Jones, who acted as lookouts while Fafowora completed a heroin purchase from a DEA undercover officer, were each convicted of possession of a weapon by a convicted felon.
 
 II. MOTIONS TO SUPPRESS
 
 3
 Bullock and Jones claim that the district court erred in refusing to suppress evidence seized from the passenger compartment of the Jeep vehicle that they were driving when DEA agents pursued them, that they had parked, and from which they were walking, approximately one car length away, at the time of their arrest. Bullock and Jones initially contend that the agents lacked probable cause for their arrest. The district court found, however, that DEA agents' observations of Bullock and Jones gave the government probable cause to suspect that the two were engaged in "counter-surveillance" activities in connection with the heroin purchase by appellant Fafowora. The record amply supports this conclusion. Without going into detail here, we note that law enforcement officers testified at the suppression hearing that Bullock watched through binoculars the restaurant at which Fafowora and the undercover agent met; that Fafowora left the restaurant with the agent in a car followed closely by Bullock and Jones in the Jeep; that Bullock and Jones repeatedly circled the hotel where the heroin sale took place; and that they sped off from the hotel area upon discovering that Fafowora had been arrested. We affirm the court's determination of probable cause.
 
 
 4
 The district court denied the motion to suppress evidence seized from the Jeep on two alternative grounds: first, as a search incident to arrest under New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and, second, as an inventory search of a vehicle lawfully in police custody. The Supreme Court developed the doctrine of search incident to arrest in Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), holding that an officer making a lawful custodial arrest may search the person in custody and the "immediately surrounding area" into which he or she might reach in order to obtain a weapon or to destroy evidence. The Supreme Court addressed the applicability of this doctrine to searches of automobiles in Belton. There, the Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460, 101 S.Ct. at 2864.
 
 
 5
 By applying a bright-line rule that the passenger compartment lies within the reach of the arrested occupant, Belton sought "to avoid case-by-case evaluations" of whether the defendant's area of control within the automobile extended to the precise place where the policeman found the weapon or evidence. United States v. Russell, 670 F.2d 323, 326 (D.C.Cir.1982) (quoting W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment Sec. 7.1 at 136 (Supp.1982). No such ambiguity exists, however, where the police come upon the arrestees outside of an automobile. Under such circumstances, the rationale for Belton's bright-line rule is absent; instead, the normal framework of Chimel applies. Since the passenger compartment of the Jeep was not within the "immediate surrounding area" into which either Bullock or Jones might have reached at the time the DEA agents caught up with them, we conclude that the search of that compartment was not incident to their arrest.
 
 
 6
 A vehicle used to facilitate the sale of a controlled substance is subject to forfeiture to the United States, and to a warrantless seizure, if the Attorney General (or his agents) has "probable cause" to believe that the vehicle is subject to forfeiture. 21 U.S.C. Sec. 881(a)(4), (b)(4) (1982 & Supp. IV 1986). The precise reach of section 881 remains an unexplored question in this circuit. Appellants point to the First Circuit's decision in United States v. Pappas, 613 F.2d 324 (1979), that section 881(b)(4) justifies "warrantless seizure of an automobile only when the seizure immediately follows the occurrence that gives the federal agents probable cause to believe that the automobile is subject to forfeiture under section 881(a) and the exigencies of the surrounding circumstances make the requirement of obtaining process unreasonable or unnecessary." Id. at 330 (emphasis in original). Other circuits have read section 881(b)(4) less restrictively, see United States v. One 1977 Lincoln Mark V Coupe, 643 F.2d 154 (3rd Cir.1981) (timeliness but not exigency required); United States v. Kemp, 690 F.2d 397 (4th Cir.1982) (neither timeliness nor exigency required); United States v. One 1978 Mercedes Benz, Four-Door Sedan, 711 F.2d 1297 (5th Cir.1983) (accord); and the First Circuit itself has recently questioned the continued vitality of the Pappas standard. In re Warrant to Seize One 1988 Chevrolet Monte Carlo, 861 F.2d 307, 311 n. 4 (1st Cir.1988).
 
 
 7
 We need not decide the meaning of section 881(b)(4) in this case, however, since under even the stringent reading advanced in Pappas, the DEA agents effected a valid seizure of the Jeep. There is no question that the seizure took place in a timely fashion following the arrest of Bullock and Jones. As to exigency, the DEA agents had reason to suspect that three unapprehended persons who, earlier the same day, had brought the Jeep to Bullock and Jones, might return to remove the vehicle and any evidence in it. According to the government, this immediate risk made it unreasonable for the agents to obtain a warrant for seizure of the Jeep. Appellants concede that exigent circumstances exist when "evidence of a crime is threatened with immediate removal" and offer no argument against the government's theory of exigency on the facts presented here.
 
 
 8
 Given the validity of its seizure under section 881(b)(4), we next turn to the search of the vehicle. Under South Dakota v. Opperman, 428 U.S. 364, 373, 96 S.Ct. 3092, 3099, 49 L.Ed.2d 1000 (1976), the police may conduct a warrantless inventory search of a vehicle "in lawful police custody where the process is aimed at securing or protecting the car and its contents." In light of testimony at the suppression hearing indicating that the DEA agents undertook an inventory search as part of their routine procedure for vehicles being taken into custody, we conclude that the district court properly admitted the evidence seized from the Jeep.
 
 III. MOTION FOR RELEASE OF FUNDS
 
 9
 DEA agents arrested appellant Fafowora after he had consummated the purchase of more than a kilogram of heroin from an undercover DEA agent. A federal grand jury returned an indictment against Fafowora alleging, among other charges, that $5,000 in cash tendered to the agent before the date of the heroin sale and $40,590 in cash tendered at the time of the sale, and seized upon Fafowora's arrest, were subject to the Comprehensive Forfeiture Act of 1984, 21 U.S.C. Sec. 853(a)(2) (Supp. II 1984), as property used to facilitate the possession of heroin with intent to distribute.
 
 
 10
 In a pre-trial motion, Fafowora sought release of $34,000 of the seized cash in order to retain his counsel of choice. The district court conducted a hearing in order to determine the extent to which other assets were available to Fafowora and, upon concluding that Fafowora had access to approximately $14,750, denied the motion. At trial, Fafowora was represented by retained counsel, but not by the counsel he had originally sought to retain through the motion to release funds.
 
 
 11
 On appeal to this court, both Fafowora and the government interpret the Comprehensive Forfeiture Act of 1984 as statutory authorization for the district court's refusal to release the seized funds. Fafowora, however, argues that the Act, thus interpreted, violates his Sixth Amendment right to counsel of his choice. In light of the pendency of United States v. Monsanto, 852 F.2d 1400 (2d Cir.1988) (en banc ), cert. granted, --- U.S. ----, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988), and In re Forfeiture Hearing as to Caplin & Drysdale, 837 F.2d 637 (4th Cir.1988) (en banc ), cert. granted, --- U.S. ----, 109 S.Ct. 363, 102 L.Ed.2d 352 (1988), we certify to the Supreme Court, pursuant to 28 U.S.C. Sec. 1254(3), the question: Does the Sixth Amendment right to counsel of choice require the pre-trial release of seized assets that, in the event of conviction, would be subject to forfeiture to the United States under the Comprehensive Forfeiture Act of 1984, 21 U.S.C. Sec. 853(a)(2)?
 
 
 12
 IV. MOTIONS FOR SEVERANCE, FOR REMOVAL OF JUROR, AND FOR NEW TRIAL
 
 
 13
 During the jury deliberations, juror Bryant told the district court that she had been followed home by a man she had earlier seen speaking to appellant Jones. The man inquired about the jury deliberations, adding that he would give "anything" for such information; juror Bryant did not respond. The district court conducted a hearing in which it questioned each of the jurors individually regarding the extent of their knowledge of this incident and its effect on their impartiality. Each of the jurors, including Bryant, indicated that the incident would not affect his or her ability to remain impartial as to each of the appellants. Jones then moved to have juror Bryant removed; Fafowora and Bullock moved for severance of Jones from their respective cases. Relying on the jurors' testimony regarding their impartiality, the district court denied the motion to excuse juror Bryant as well as the motions for severance. The court subsequently denied all three appellants' motions for new trial.
 
 
 14
 The Sixth Amendment guarantees the right to trial by an impartial jury in all criminal prosecutions, and any private communication to a juror during trial is presumptively prejudicial. Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). The district court must hold a hearing to question the jurors and, thereby, to ascertain the effect of such communications. On appeal, this court must defer to the district court's appraisal of prejudice unless it is "manifestly unreasonable." Hobson v. Wilson, 737 F.2d 1, 49 (D.C.Cir.1984) (quoting Miller v. United States, 403 F.2d 77, 84 n. 11 (2d Cir.1968)). See United States v. Butler, 822 F.2d 1191, 1196 (D.C.Cir.1987) (summarizing circuit law on jury tampering).
 
 
 15
 The district court here followed the requisite hearing procedures in exemplary fashion. Unlike the trial court in Owen v. Duckworth, 727 F.2d 643, 647 (7th Cir.1984), the primary authority on which appellants rely, the district court did not disregard testimony suggesting prejudice. Accordingly, we cannot say that its conclusion as to the absence of prejudice is an unreasonable one.
 
 V. CONCLUSION
 
 16
 We affirm the district court's denial of the motions to suppress evidence, the motions for severance, the motion to remove juror Bryant, and the motions for new trial. We certify to the Supreme Court the Sixth Amendment issue raised by appellant Fafowora's challenge to denial of his motion to release funds.
 
 
 17
 SO ORDERED.
 
 JUDGEMENT
 
 18
 Appellant's claim under the Sixth Amendment right to counsel of choice was considered on the record on appeal from the United States District Court for the District of Columbia and was briefed by the parties and argued orally by counsel. On January 13, 1989, we certified this question to the Supreme Court of the United States. United States v. Fafowora, 865 F.2d 360 (D.C. Cir. 1989). On February 21, 1989, the Supreme Court dismissed the certified question. United States v. Fafowora, --- U.S. ----, 109 S.Ct. 1105, (1989). Therefore, this court has given the issue full consideration. It is
 
 
 19
 ORDERED and ADJUDGED that appellant's convictions be affirmed for the reasons stated In Re Forfeiture Hearing as to Caplin & Drysdale, 837 F.2d 637 (4th Cir. 1988) (en banc), cert. granted, --- U.S. ----, 109 S. Ct. 363, 102 L.Ed.2d 352 (1988).*
 
 
 20
 The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C. Cir. Rule 15.
 
 
 
 *
 Chief Judge Wald would find that under the appropriate Sixth Amendment analysis the government's interest in seizing forfeitable assets to prevent their dissipation does not outweigh the defendant's interest in using a reasonable portion of those assets, in the absence of other funds, to retain counsel of choice. See United States v. Monsanto, 852 F.2d 1400, 1402-04 (2d Cir. 1988) (Opinion of Feinberg, C.J.); United States v. Unit No. 7 and Unit No. 8 of Shop In the Grove Condominium, 853 F.2d 1445 (8th Cir. 1988)