**UNITED STATES of America**

v.

**Steve FAFOWORA, a/k/a Olatunde Fafowora, Appellant.**

**No. 88–3011.**

United States Court of Appeals, District of Columbia Circuit.

March 21, 1989.

Certiorari Denied Oct. 21, 1989. See 110 S.Ct. 98.

Before WALD, C.J., and EDWARDS and D.H. GINSBURG, Circuit Judges.

## JUDGMENT

PER CURIAM.

Appellant's claim under the Sixth Amendment right to counsel of choice was considered on the record on appeal from the United States District Court for the District of Columbia and was briefed by the parties and argued orally by counsel. On January 13, 1989, we certified this question to the Supreme Court of the United States. *United States v. Fafowora*, 865 F.2d 360 (D.C.Cir.1989). On February 21, 1989, the Supreme Court dismissed the certified question. *United States v. Fafowora*, —— U.S. ——, 109 S.Ct. 1105, 103 L.Ed.2d 171 (1989). Therefore, this court has given the issue full consideration. It is

ORDERED and ADJUDGED that appellant's convictions be affirmed for the reasons stated *In re Forfeiture Hearing as to Caplin & Drysdale*, 837 F.2d 637 (4th Cir. 1988) (*en banc*), *cert. granted*, —— U.S. ——, 109 S.Ct. 363, 102 L.Ed.2d 352 (1988).*

The clerk is directed to withhold issuance of the mandate herein until seven days

---

* Chief Judge Wald would find that under the appropriate Sixth Amendment analysis the government's interest in seizing forfeitable assets to prevent their dissipation does not outweigh the defendant's interest in using a *reasonable* portion of those assets, in the absence of

after the disposition of any timely petition for rehearing. *See* D.C.Cir.Rule 15.

other funds, to retain counsel of choice. *See United States v. Monsanto*, 852 F.2d 1400, 1402–04 (2d Cir.1988) (Opinion of Feinberg, C.J.); *United States v. Unit No. 7 and Unit No. 8 of Shop In the Grove Condominium*, 853 F.2d 1445 (8th Cir.1988).