## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

 v.

Rodney Dale Bell

April 25, 1991

Case No. (Felony) 6977

By JUDGE J. MICHAEL GAMBLE

  I am writing this letter to furnish you with my opinion on whether or not the evidence seized from Mr. Bell's person and automobile on May 26, 1990, should be suppressed.

  The parties, together with their counsel, appeared in Court on April 24, 1991. This case was originally set for a trial and suppression hearing, however, by the agreement of all parties, the Court merely entertained the suppression motion at that time. The Court, as you know, heard evidence on the suppression motion from Officer Ayers and took the matter under advisement after receiving the argument of counsel.

  This case involves the question of whether or not a search incident to the lawful arrest of Mr. Bell violated the provisions of the Fourth and Fourteenth Amendments of the United States Constitution. For many years, the rule set forth by the United States Supreme Court in *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), was followed. *Chimel*, of course, held that an officer making a lawful custodian arrest may search the person in custody and the "immediately surrounding area" into which he might reach in order to obtain a weapon or destroy evidence.

  In *New York v. Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981), the United States Supreme

Court sought to clarify this rule with respect to the search of motor vehicles. In *Belton* the Court held that "when a policeman has made a lawful arrest of the occupant of an automobile, he may, as a contemporaneous incident to that arrest, search the passenger compartment of that automobile." *Belton*, 453 U.S. at 460. *Belton* was applied by the Court of Appeals of Virginia in *Pack v. Commonwealth*, 6 Va. App. 434, 436 (1988).

In the instant case, on the evening of May 26, 1990, Deputy Ayers of the Amherst County Sheriff's Department responded to a call concerning an automobile parked on the shoulder of U. S. Route 29 North of Amherst. When he arrived, Deputy Ayers observed a person later identified as the defendant walking unsteadily down a driveway towards his car that was parked on the shoulder of the road and partially blocking a driveway. The deputy further observed the defendant get into the car. The deputy then approached the car. The deputy noticed that the engine was still running.

Because the deputy had seen the defendant walking unsteadily, he asked the defendant to get out of the car. The defendant got out of the car and walked to the front of the car where the deputy placed him under arrest for being drunk in public.

Pursuant to certain information given to Deputy Ayers by Officer Kelvin Brown of the Town of Amherst Police, Officer Ayers went back to the vehicle and searched the passenger compartment of the vehicle subsequent to the arrest of Mr. Bell. Officer Brown had advised Deputy Ayers that he saw a plastic bag sticking out from under the seat. Deputy Ayers could see the plastic bag sticking out from under the seat before he went in the car. Also Deputy Ayers was worried about a gun in the vehicle. Deputy Ayers seized the plastic bag and performed a field test which indicated that it might contain cocaine. Thereafter, Deputy Ayers searched the person of the defendant and seized a sum of currency. The deputy sent this currency to the lab to be analyzed along with the substance in the plastic bag that was seized.

The defendant argues that the substance in the plastic bag, together with the money, should be suppressed as evidence against him. The defendant argues that *Belton* does not apply to him because he was not the occupant

of the vehicle when he was arrested. The defendant does not deny that the officer made a lawful arrest for being drunk in public. The defendant, however, maintains that the police officer did not arrest the defendant until he was in front of the vehicle, and therefore, he did not constitute an occupant of a motor vehicle at the time of his arrest.

The defendant places reliance on *United States v. Fafowora*, 865 F.2d 360 (D.C. Cir. 1989). *Fafowora* applied the *Belton* test to an automobile search. In that case, the police came upon the defendants while they were outside of the motor vehicle and approximately one car length away from the vehicle. The Court distinguished *Fafowora* from *Belton* by holding that the defendants were not occupants of the vehicle. The defendant in the instant care argues, also, that he was not the occupant of the vehicle since he was arrested in front of the vehicle.

The key issue in this case is whether or not Mr. Bell, the defendant, was an occupant of the vehicle. Based upon the facts and authorities submitted, this Court finds that he was an occupant of the vehicle. Although he was officially arrested after he departed from the vehicle, Mr. Bell was an occupant of the vehicle immediately prior to his arrest. In fact, he got into the vehicle despite the admonition of Officer Ayers that he not enter the vehicle. He was immediately arrested after he got out of the vehicle pursuant to Officer Ayers' request. This is exactly what happened in *Belton*. The defendant was arrested immediately after he got out of the vehicle. Further, this case is the converse of *Fafowora*. In *Fafowora*, the defendants had departed the vehicle and were walking away from the vehicle at the time the police arrived. In the instant case, the defendant was walking to the vehicle and got into the vehicle at the time the police arrived. Therefore, he was clearly an occupant at the time of his arrest.

Accordingly, the motion of the defendant to suppress the evidence is overruled, and the suppression motion is dismissed.