981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Joseph COLEY, Defendant-Appellant.
 No. 92-5061.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 25, 1992
Decided: December 17, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 Lauren A. Murphy, BAILEY & DIXON, Raleigh, for Appellant.
 Margaret Person Currin, United States Attorney, Robert D. Potter, Jr., Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Anthony Joseph Coley was convicted of possessing an unregistered firearm, 26 U.S.C. §§ 5845, 5861(d) (1988). He challenges his conviction on the ground that the gun and his statement admitting ownership should have been suppressed. He also contends that the district court erred in denying him a decrease in offense level under guideline section[1] 2K2.1(b)(1), and that the district court wrongly believed it lacked the authority to depart downward for a variety of factors. We affirm.
 
 
 2
 Coley was initially stopped while driving to work with a coworker; he was going 77 miles per hour in a 55-mile per hour zone, a state misdemeanor punishable by sixty days imprisonment or a fine. N.C. Gen. Stat. §§ 20-141(j1), 20-176(c) (1989). The state trooper seated Coley in his patrol car, ran a check on Coley's license, and discovered that Coley was driving with a permanently revoked license. When informed that he was under arrest, Coley fled a short way, then stopped and allowed himself to be handcuffed and placed in the trooper's car. He was given his Miranda[2] rights at this point. The trooper then searched Coley's car and found a fully automatic 9mm handgun[3] and ammunition in his briefcase, which was right behind the driver's seat. As the trooper was driving Coley to a magistrate, Coley told him where he had bought the gun.
 
 
 3
 Coley's motion for suppression of the gun and his statement was denied. The district court found that the trooper's search was authorized under the decision in New York v. Belton, 453 U.S. 454 (1981), which held that police may search the passenger compartment of vehicle and any containers within passenger compartment after a valid arrest of the occupant of the vehicle. Coley argues in this appeal, as he did at the suppression hearing, that Belton does not apply in this case.[4] He contends that the search of his car was illegal because the state trooper did not have probable cause to arrest him when his car was stopped and did not develop probable cause until after the license check, when he was no longer the occupant of a vehicle, and that both the gun and his admission of ownership should have been suppressed as the fruit of an illegal search. He relies on United States v. Fafowora, 865 F.2d 360, 362 (D.C. Cir.), certified question dismissed, 489 U.S. 1002, cert. denied, 493 U.S. 829 (1989), which found Belton inapplicable when police come upon the arrestee outside his vehicle and the passenger compartment is not within his reach.
 
 
 4
 We find that Belton applies here. The state trooper initially stopped and detained Coley for a traffic violation punishable by sixty days imprisonment. The search was performed incident to the arrest for more serious offenses discovered afterward, but there was probable cause to arrest at the time the car was stopped. Coley's separation from his vehicle at the time of the search does not invalidate it. See United States v. White, 871 F.2d 41 (6th Cir. 1989) (defendant in police car); United States v. Taylor, 857 F.2d 210 (4th Cir. 1988) (defendant removed to FBI headquarters); United States v. Karlin, 852 F.2d 968, 971-72 (7th Cir. 1988) (in police car), cert. denied, 489 U.S. 1021 (1989); United States v. McCrady, 774 F.2d 868, 871-72 (8th Cir. 1985) (in police car); United States v. Cotton, 751 F.2d 1146, 1149 (10th Cir. 1985) (outside car and handcuffed); see also Wayne R. LaFave, Search and Seizure, § 7.1(c) (2d ed. 1987). Therefore, the district court did not err in denying the suppression motion.
 
 
 5
 The 1989 version of guideline section 2K2.1 permitted a decrease in the base offense level for an unlawfully possessed automatic weapon like the one possessed by Coley if it was possessed solely for lawful sporting purposes or collection. In support of his request for this reduction, Coley presented evidence that machine guns are used lawfully in competitions and World War II reenactments, and proffered evidence that he had shot his gun three times-to see how it worked and to demonstrate how it worked to his sister and a friend. The district court first referred to the current guideline and found as a matter of law that the reduction could not be given for a machine gun. After the government pointed out that the reduction was possible under the 1989 guideline used to compute Coley's sentence, and after hearing further argument from defense counsel, the district court denied the reduction. The court did not explain the basis for its finding. However, Coley had the burden of proving the existence of the mitigating factor, United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989), and it is clear from the record on appeal that he failed to meet that burden. He provided no evidence that he personally had used or intended to use the gun for a recognized sporting purpose. Shooting the gun to become familiar with its use or to demonstrate it to others does not constitute a sport. See United States v. Cousens, 942 F.2d 800, 801-04 (1st Cir. 1991) (self-defense not a sporting purpose for which the reduction could be given); United States v. Wilson, 878 F.2d 921 (6th Cir. 1989) (reduction available only for sport or recreation, not for any innocent possession). The district court's finding that the mitigating factor had not been shown is not clearly erroneous.
 
 
 6
 Finally, we find that the district court understood its authority to depart for extraordinary circumstances or for circumstances not adequately considered by the Sentencing Commission. The court did not depart because it found no such factor present.
 
 
 7
 The conviction and sentence are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guideline Manual (Nov. 1989). Although Coley was sentenced in January 1992, the guidelines as amended in November 1989 were used because later amendments raised the base offense level. United States v. Morrow, 925 F.2d 779 (4th Cir. 1991)
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [3]
 The gun had been manufactured as a semi-automatic, but was modified to be fully automatic; it was technically a machine gun
 
 
 [4]
 Coley also renews his objection to the government's alternative theory that the search was an inventory search. The district court did not address this question and neither do we