**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 96-4019

RODNEY KEITH INGRAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-95-171)

Submitted: October 29, 1996

Decided: December 17, 1996

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carlton M. Mansfield, CHAVIS & RANSOM, Lumberton, North
Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Richard S. Glaser, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Keith Ingram pled guilty to one count of possession of cocaine with intent to distribute. He appeals the denial of his motion to suppress the cocaine recovered from his automobile. We affirm.

All warrantless searches "are per se unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions." Katz v. United States , 389 U.S. 347, 357 (1967) (footnote omitted). One such exception is a search incident to a lawful arrest. United States v. Robinson, 414 U.S. 218, 224 (1973). In New York v. Belton, 453 U.S. 454 (1981), the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460 (footnotes omitted).

Ingram contends that he was no longer an occupant of the vehicle at the time of his arrest, and therefore Deputy Webster had no author-ity under Belton to search the passenger compartment of his parked and locked vehicle. This argument lacks merit, however, because we have held that a police officer may search the passenger area of a vehicle incident to the lawful arrest of its occupant, even when the occupant has already been removed from the car and is under the con-trol of the police. United States v. Milton, 52 F.3d 78, 80 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3246 (U.S. Oct. 2, 1995) (No. 95-5231); see, e.g., United States v. Karlin, 852 F.2d 968, 971-72 (7th Cir. 1988), cert. denied, 489 U.S. 1021 (1989).

Here, Deputy Webster followed Ingram for a mile with his blue police lights flashing. Webster was right behind Ingram as Ingram turned into his driveway and parked his Mazda. Ingram sat momen-tarily in his car as the deputy stepped out of his vehicle. Ingram then

2

hastily stepped out of his car and locked the door before ordered to do so by the deputy. The two met at the rear bumper of the Mazda, where Webster arrested Ingram for driving without a license. The deputy then secured Ingram in his police vehicle before searching the Mazda and recovering cocaine from its console.

Webster thus initiated contact with Ingram while he was an occupant of the vehicle and so was justified in searching the passenger compartment under Belton. Ingram's voluntary separation from the vehicle after that contact was initiated does not alter the analysis. See United States v. Willis, 37 F.3d 313, 317 (7th Cir. 1994); United States v. Franco, 981 F.2d 470, 472-73 (10th Cir. 1992).

Finally, the cases Ingram cites do not support his position. In those cases, vehicle searches incident to arrest were found unjustified when the police did not initiate contact with the suspects while they occupied the vehicle in question. See United States v. Adams, 26 F.3d 702, 704 (7th Cir. 1994); United States v. Strahan , 984 F.2d 155, 159 (6th Cir. 1993); United States v. Fafowora, 865 F.2d 360, 362 (D.C. Cir.), certified question dismissed, 489 U.S. 1002, aff'd, 881 F.2d 1088 (D.C. Cir.), cert. denied, 493 U.S. 829 (1989). Such was not the case here. Although in Fafowora DEA agents pursued the suspects in the automobile that the agents ultimately searched, the opinion is not clear whether this pursuit immediately preceded the arrest. However, the opinion does state that at the time the police "came upon the arrestees" they were outside the vehicle. Id.  In contrast, Deputy Webster came upon Ingram while he was still an occupant of the vehicle.

Accordingly, we affirm the district court's denial of Ingram's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3