**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4427

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY MAJETTE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (7:07-cr-00010-jct-1)

Argued: January 30, 2009          Decided: April 30, 2009

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Christine Madeleine Spurell, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Julia C. Dudley, Acting United States Attorney, R. Andrew Bassford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

An evidence-producing automobile search incident to the arrest of Tony Majette for a driving offense turns out to be unlawful under the Supreme Court's new opinion in Arizona v. Gant, 556 U.S. ___, No. 07-542 (Apr. 21, 2009). We therefore vacate Majette's conviction for possession with intent to distribute cocaine base.

I.

Majette was stopped by a Blacksburg, Virginia, police officer on June 5, 2006, for driving a car (a Cadillac) with impermissibly dark window tint. When Officer Michael Czernicki, who made the stop, asked Majette for his driver's license and registration, Majette admitted that his license had been suspended. Officer Czernicki then checked with his dispatcher, who confirmed the license suspension and reported that Majette had three prior adult convictions for driving under a suspended license and fifteen prior suspensions of his driving privileges. Based on this information, Officer Czernicki decided to arrest Majette rather than issue a summons. The officer handcuffed Majette and secured him in the back seat of the patrol car. Thereafter, Officer Czernicki searched the passenger compartment of the stopped Cadillac. During the search he found two baggies containing cocaine base, one (with 20.7 grams) between the

2

passenger seat and passenger door and one (with 2.2 grams) behind the passenger seat. The officer also found a Mason jar behind the driver seat that contained a tiny amount of a leafy substance that smelled like marijuana. Finally, the officer found a set of digital scales underneath the passenger seat.

On February 22, 2007, a federal grand jury indicted Majette on one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). Later, on October 23, 2007, Majette filed a motion to suppress the evidence (the cocaine base and scales) seized during the search of the Cadillac. Because Majette was detained for the misdemeanor offense of driving on a suspended license, he claimed that Officer Czernicki was required under Virginia Code § 19.2-74(A)(1) to issue a summons rather than place him under arrest. Thus, according to Majette, the car search was not incident to a lawful arrest. The district court first concluded that Majette's arrest was proper under § 19.2-74(A)(1)'s exception that authorizes an arrest when the officer reasonably believes the person detained is likely to disregard a summons. The court then held "the search of the Cadillac was lawful, incident to Majette's valid arrest." J.A. 68. The court relied on New York v. Belton, 453 U.S. 454 (1981), which it read broadly -- as did many courts, including ours -- to allow a vehicle search

3

incident to the arrest of an occupant, even when the arrested occupant no longer had access to the passenger compartment. See e.g., United States v. Coley, No. 92-5061, 1992 U.S. App. LEXIS 32778, at 2-4 (4th Cir. Dec. 17, 1992) (concluding that New York v. Belton allowed police to search a defendant's vehicle after he was lawfully arrested during a traffic stop, handcuffed, and placed in a patrol car.).

Majette went to trial, and the government introduced the evidence of the items (the drugs and scales) discovered in the search of the Cadillac. The jury convicted Majette, and he was sentenced to 120 months in prison. Majette appeals, claiming, among other things, that the search of the car violated the Fourth Amendment.

## II.

During oral argument on January 30, 2009, it was noted that this appeal might be controlled by the impending decision of the Supreme Court in Arizona v. Gant, No. 07-542, an automobile search case with facts strikingly similar to those presented here. Gant was decided on April 21, 2009, and it does indeed control.

In Gant the Court clarified that New York v. Belton's (vehicle search) scope was limited by the "safety and evidentiary justifications underlying" the "reaching-distance

4

rule" of Chimel v. California, 395 U.S. 752 (1969). Gant, 556 U.S. ___, ___, No. 07-542, slip op. at 1 (Apr. 21, 2009). "Under Chimel," the Court said, "police may search incident to arrest only the space within an arrestee's 'immediate control,' meaning 'the area from within which he might gain possession of a weapon or destructible evidence.'" Id. (quoting Chimel, 395 U.S. at 763). With this explanation, the Court held "that Belton does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle." Id., slip op. at 1-2. The Court "also conclude[d] that circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." Id., slip op. at 2.

In this case Majette was handcuffed and secured in the patrol car when Officer Czernicki searched the Cadillac and found the drugs. Thus, the Cadillac's passenger compartment was not "within [Majette's] reach at the time of the search." Id., slip op. at 9. Moreover, the officer would not have had a reasonable basis to believe he would find evidence of Majette's license suspension -- the offense of arrest -- within the Cadillac's passenger compartment. See, id., slip op. at 10. These circumstances, considered in light of Gant, require us to hold that the search of the Cadillac was unreasonable. We

5

therefore vacate Majette's conviction and remand for a new trial, if the government chooses to have one.

## III.

Majette raises other issues in this appeal, claiming (1) that the government did not provide reasonable pretrial notice of its intent to offer evidence of other crimes or wrongs under Federal Rule of Evidence 404(b); (2) that the district court erred in its response to a jury question on the issue of intent to distribute a controlled substance; and (3) that the evidence was insufficient to sustain his conviction. Because we have concluded that a new trial is warranted due to the unlawful vehicle search, we decline for prudential reasons to consider the remaining issues.

<u>VACATED AND REMANDED</u>