COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







EX PARTE: SERGIO CAMACHO





§


 


§


 


§


 


§


 


§



§

No. 08-07-00261-CR



Appeal from


 409th District Court


of El Paso County, Texas


(TC # 970D00434-409-01)




O P I N I O N



 Sergio Camacho appeals from an order denying his post-conviction application for writ of
habeas corpus. We the reasons that follow, we affirm.

FACTUAL SUMMARY


 The trial court's findings reflect that Appellant committed traffic violations and did not stop
when pursued by the police with sirens and emergency lights activated. Appellant drove to his
mother's house and exited the vehicle, telling the officers, "I know I didn't stop but I wanted to leave
the car here." The officers immediately arrested Appellant for evading arrest, handcuffed him, and
placed him in the back of a patrol car. The officers then searched Appellant's vehicle incident to his
arrest and found cocaine in the rear floorboard behind the passenger seat. Trial counsel did not file
a motion to suppress. Appellant entered his plea of guilty to possession of cocaine. In accordance
with the plea bargain, the court assessed his punishment at a $500 fine and confinement in the state
jail for two years, probated for four years. The court discharged Appellant from community
supervision on November 13, 2003. 

 On April 10, 2007, Appellant filed an application for post-conviction writ of habeas corpus
pursuant to Article 11.072 of the Texas Code of Criminal Procedure. He alleged that he was denied
ineffective assistance of counsel because his attorney failed to file a motion to suppress the evidence
on the ground that the search of his car incident to arrest was unlawful. After considering the
application and the State's answer, the trial court entered an order denying relief. The court also
made written findings of fact and conclusions of law. 

INEFFECTIVE ASSISTANCE OF COUNSEL


 In his sole point of error, Appellant contends that the trial court erred in denying habeas
corpus relief. Appellant argues, as he did in his writ application, that the search of his vehicle was
unlawful under federal law in effect at the time of his arrest and guilty plea. More specifically,
Appellant maintains that the search was illegal under New York v. Belton, 453 U.S. 454, 101 S.Ct.
2860, 69 L.Ed.2d 768 (1981) as that case has been interpreted by the Fifth Circuit.

 The standard for determining claims of ineffective assistance under the Sixth Amendment
is the two-step analysis adopted by the United States Supreme Court in Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988 S.W.2d 770,
771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that counsel's
performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed
by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). In the
context of a complaint that trial counsel failed to properly pursue a motion to suppress evidence, the
burden is on the defendant to prove that a motion to suppress would have been granted. See Jackson
v. State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998)(defendant must prove that the search was
invalid and a motion to suppress would have been granted; it is not sufficient to show that there may
have been a question about the validity of the search). Under the second prong, the defendant must
establish that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687,
104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson, 877 S.W.2d at 771. Prejudice is established by a
showing that there is a reasonable probability that but for counsel's unprofessional errors, the result
of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80
L.Ed.2d at 698; Jackson, 877 S .W.2d at 771.

 In a habeas corpus proceeding under Article 11.072, the applicant bears the burden to prove
his claims by a preponderance of the evidence. See State v. Webb, 244 S.W.3d 543, 547 (Tex.App.--Houston [1st Dist.] 2007, no pet.). We review the habeas court's ruling under the abuse of discretion
standard. Id. at 547. We consider the evidence in the light most favorable to the ruling and afford
almost total deference to the court's determination of historical facts, particularly where the factual
findings are based on an evaluation of credibility and demeanor. Id. Legal questions are subject to
de novo review. Id. When considering the first prong of the Strickland test, the reviewing court
judges counsel's performance under the law in effect at the time of trial. Ex parte Butler, 884
S.W.2d 782, 783-84 (Tex.Crim.App. 1994), citing Lockhart v. Fretwell, 506 U.S. 364, 371, 113
S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). Prejudice is determined under the governing law at the time
the writ is filed. Id.

 Appellant contends that at the time of his guilty plea federal circuit courts had interpreted
Belton to require a showing that the passenger compartment of the vehicle was still within the
defendant's reach before a search of that passenger compartment could be justified as a search
incident to arrest. In support of that argument, he cites United States v. Strahan, 984 F.2d 155 (6th
Cir. 1993), United States v. Fafowora, 865 F.2d 360 (D.C. Cir. 1989), cert. denied, 493 U.S. 829,
110 S.Ct. 98, 107 L.Ed.2d 62 (1989) and United States v. Green, 324 F.3d 375 (5th Cir. 2003), cert.
denied, 540 U.S. 823, 124 S.Ct. 152, 157 L.Ed.2d 43, (2003). Federal circuit court opinions may
be persuasive authority, but they are not binding authority on Texas courts. Guzman v. State, 85
S.W.2d 242, 249 n.24 (Tex.Crim.App. 2002); Reynolds v. State, 4 S.W.3d 13, 20 n.17
(Tex.Crim.App. 1999). Even Fifth Circuit precedent is not binding on Texas courts. Jeffery v. State,
169 S.W.3d 439, 443 n.1 (Tex.App.--Texarkana 2005, pet. ref'd); State v. Cardenas, 36 S.W.3d 243,
245 n.3 (Tex.App.--Houston [1st Dist.] 2001, pet. ref'd). Even if it were, some federal courts held
that Belton authorized police to search the passenger compartment of a vehicle even after the arrestee
has been removed from the vehicle to be searched and either handcuffed or placed in a police car. 
See, e.g., United States v. Moorehead, 57 F.3d 875, 877-78 (9th Cir. 1995)(search incident to arrest
valid under Belton although defendant secured in back seat of police car); United States v. Mans, 999
F.2d 966, 968-69 (6th Cir.), cert. denied, 510 U.S. 999, 114 S.Ct. 567, 126 L.Ed.2d 467 (1993)
(Belton applicable when defendant seated in police car and watched by other officer); United States
v. Karlin, 852 F.2d 968, 970-72 (7th Cir. 1988), cert. denied, 489 U.S. 1021, 109 S.Ct. 1142, 103
L.Ed.2d 202 (1989) (search reasonable under Belton when defendant was handcuffed in police car);
United States v. Cotton, 751 F.2d 1146, 1148-49 (10th Cir. 1985)(Belton applicable where defendant
was outside car and handcuffed).

 At the time Appellant entered his guilty plea, Texas courts--including this court--had
interpreted Belton as authorizing a search of the defendant's vehicle incident to arrest even if the
defendant had been removed from the vehicle, handcuffed, and placed in a patrol car before the
search. See e.g., Busby v. State, 990 S.W.2d 263, 269-70 (Tex.Crim.App. 1999); State v. Ballard,
987 S.W.2d 889, 891-93 (Tex.Crim.App. 1999); Osban v. State, 726 S.W.2d 107, 111
(Tex.Crim.App. 1986), overruled on other grounds by Heitman v. State, 815 S.W.2d 681
(Tex.Crim.App. 1991); Pettigrew v. State, 908 S.W.2d 563, 570 (Tex.App.--Fort Worth 1995, pet.
ref'd); State v. Mercado, 944 S.W.2d 42, 45 (Tex.App.--El Paso 1997), rev'd on other grounds, 972
S.W.2d 75, 77 n.1 (Tex.Crim.App. 1998); Rivas v. State, 855 S.W.2d 777, 781 (Tex.App.--El Paso
1993, no pet.); State v. Garcia, 801 S.W.2d 137, 141 (Tex.App.--San Antonio 1990, pet. ref'd).

 We note that the United States Supreme Court has recently held that Belton does not
authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured
and cannot access the interior of the vehicle. Arizona v. Gant, --- U.S. ---, 129 S.Ct. 1710, 173
L.Ed.2d 485 (2009). But in 1999, a motion to suppress would not have succeeded because Texas
courts consistently interpreted Belton as creating a "bright-line" rule which permitted a search
incident to arrest even where the arrestee had been removed from the vehicle, handcuffed, and placed
in a patrol car. Appellant has failed to carry his burden under the first prong of Strickland because
he has not affirmatively shown that a motion to suppress would have been granted under the law in
effect in 1999. Consequently, we need not address the second prong of Strickland. We overrule
Appellant's sole point of error and affirm the order of the trial court denying habeas corpus relief.



August 28, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)