COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-07-00261-CR |
| | § | |
| EX PARTE: SERGIO CAMACHO | § | Appeal from |
| | § | 409th District Court |
| | § | of El Paso County, Texas |
| | § | (TC # 970D00434-409-01) |
| | § | |

**O P I N I O N**

Sergio Camacho appeals from an order denying his post-conviction application for writ of habeas corpus. We the reasons that follow, we affirm.

**FACTUAL SUMMARY**

The trial court's findings reflect that Appellant committed traffic violations and did not stop when pursued by the police with sirens and emergency lights activated. Appellant drove to his mother's house and exited the vehicle, telling the officers, "I know I didn't stop but I wanted to leave the car here." The officers immediately arrested Appellant for evading arrest, handcuffed him, and placed him in the back of a patrol car. The officers then searched Appellant's vehicle incident to his arrest and found cocaine in the rear floorboard behind the passenger seat. Trial counsel did not file a motion to suppress. Appellant entered his plea of guilty to possession of cocaine. In accordance with the plea bargain, the court assessed his punishment at a $500 fine and confinement in the state jail for two years, probated for four years. The court discharged Appellant from community supervision on November 13, 2003.

On April 10, 2007, Appellant filed an application for post-conviction writ of habeas corpus

pursuant to Article 11.072 of the Texas Code of Criminal Procedure. He alleged that he was denied ineffective assistance of counsel because his attorney failed to file a motion to suppress the evidence on the ground that the search of his car incident to arrest was unlawful. After considering the application and the State's answer, the trial court entered an order denying relief. The court also made written findings of fact and conclusions of law.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole point of error, Appellant contends that the trial court erred in denying habeas corpus relief. Appellant argues, as he did in his writ application, that the search of his vehicle was unlawful under federal law in effect at the time of his arrest and guilty plea. More specifically, Appellant maintains that the search was illegal under *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) as that case has been interpreted by the Fifth Circuit.

The standard for determining claims of ineffective assistance under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). In the context of a complaint that trial counsel failed to properly pursue a motion to suppress evidence, the burden is on the defendant to prove that a motion to suppress would have been granted. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998)(defendant must prove that the search was invalid and a motion to suppress would have been granted; it is not sufficient to show that there may have been a question about the validity of the search). Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687,

104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Jackson*, 877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Jackson*, 877 S .W.2d at 771.

In a habeas corpus proceeding under Article 11.072, the applicant bears the burden to prove his claims by a preponderance of the evidence. *See State v. Webb*, 244 S.W.3d 543, 547 (Tex.App.--Houston [1st Dist.] 2007, no pet.). We review the habeas court's ruling under the abuse of discretion standard. *Id.* at 547. We consider the evidence in the light most favorable to the ruling and afford almost total deference to the court's determination of historical facts, particularly where the factual findings are based on an evaluation of credibility and demeanor. *Id.* Legal questions are subject to *de novo* review. *Id.* When considering the first prong of the *Strickland* test, the reviewing court judges counsel's performance under the law in effect at the time of trial. *Ex parte Butler*, 884 S.W.2d 782, 783-84 (Tex.Crim.App. 1994), *citing Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). Prejudice is determined under the governing law at the time the writ is filed. *Id.*

Appellant contends that at the time of his guilty plea federal circuit courts had interpreted *Belton* to require a showing that the passenger compartment of the vehicle was still within the defendant's reach before a search of that passenger compartment could be justified as a search incident to arrest. In support of that argument, he cites *United States v. Strahan*, 984 F.2d 155 (6th Cir. 1993), *United States v. Fafowora*, 865 F.2d 360 (D.C. Cir. 1989), *cert. denied*, 493 U.S. 829, 110 S.Ct. 98, 107 L.Ed.2d 62 (1989) and *United States v. Green*, 324 F.3d 375 (5th Cir. 2003), *cert. denied*, 540 U.S. 823, 124 S.Ct. 152, 157 L.Ed.2d 43, (2003). Federal circuit court opinions may be persuasive authority, but they are not binding authority on Texas courts. *Guzman v. State*, 85

S.W.2d 242, 249 n.24 (Tex.Crim.App. 2002); *Reynolds v. State*, 4 S.W.3d 13, 20 n.17 (Tex.Crim.App. 1999). Even Fifth Circuit precedent is not binding on Texas courts. *Jeffery v. State*, 169 S.W.3d 439, 443 n.1 (Tex.App.--Texarkana 2005, pet. ref'd); *State v. Cardenas*, 36 S.W.3d 243, 245 n.3 (Tex.App.--Houston [1st Dist.] 2001, pet. ref'd). Even if it were, some federal courts held that *Belton* authorized police to search the passenger compartment of a vehicle even after the arrestee has been removed from the vehicle to be searched and either handcuffed or placed in a police car. *See, e.g., United States v. Moorehead*, 57 F.3d 875, 877-78 (9th Cir. 1995)(search incident to arrest valid under *Belton* although defendant secured in back seat of police car); *United States v. Mans*, 999 F.2d 966, 968-69 (6th Cir.), *cert. denied*, 510 U.S. 999, 114 S.Ct. 567, 126 L.Ed.2d 467 (1993) (*Belton* applicable when defendant seated in police car and watched by other officer); *United States v. Karlin*, 852 F.2d 968, 970-72 (7th Cir. 1988), *cert. denied*, 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989) (search reasonable under *Belton* when defendant was handcuffed in police car); *United States v. Cotton*, 751 F.2d 1146, 1148-49 (10th Cir. 1985)(*Belton* applicable where defendant was outside car and handcuffed).

At the time Appellant entered his guilty plea, Texas courts--including this court--had interpreted *Belton* as authorizing a search of the defendant's vehicle incident to arrest even if the defendant had been removed from the vehicle, handcuffed, and placed in a patrol car before the search. *See e.g.*, *Busby v. State*, 990 S.W.2d 263, 269-70 (Tex.Crim.App. 1999); *State v. Ballard*, 987 S.W.2d 889, 891-93 (Tex.Crim.App. 1999); *Osban v. State*, 726 S.W.2d 107, 111 (Tex.Crim.App. 1986), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App. 1991); *Pettigrew v. State*, 908 S.W.2d 563, 570 (Tex.App.--Fort Worth 1995, pet. ref'd); *State v. Mercado*, 944 S.W.2d 42, 45 (Tex.App.--El Paso 1997), *rev'd on other grounds*, 972 S.W.2d 75, 77 n.1 (Tex.Crim.App. 1998); *Rivas v. State*, 855 S.W.2d 777, 781 (Tex.App.--El Paso

1993, no pet.); *State v. Garcia*, 801 S.W.2d 137, 141 (Tex.App.--San Antonio 1990, pet. ref'd).

We note that the United States Supreme Court has recently held that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle. *Arizona v. Gant*, --- U.S. ---, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). But in 1999, a motion to suppress would not have succeeded because Texas courts consistently interpreted *Belton* as creating a "bright-line" rule which permitted a search incident to arrest even where the arrestee had been removed from the vehicle, handcuffed, and placed in a patrol car. Appellant has failed to carry his burden under the first prong of *Strickland* because he has not affirmatively shown that a motion to suppress would have been granted under the law in effect in 1999. Consequently, we need not address the second prong of *Strickland*. We overrule Appellant's sole point of error and affirm the order of the trial court denying habeas corpus relief.

August 28, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)