COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| EX PARTE: RODOLFO WONG. | § | No. 08-08-00003-CR |
| | § | Appeal from the |
| | § | 384th Impact Court |
| | § | of El Paso County, Texas |
| | § | (TC# 990D02270-384I-1) |
| | § | |

## O P I N I O N

This appeal stems from the trial court's denial of Appellant's post-conviction application for writ of habeas corpus. In three issues, Appellant contends that the trial court erred by: (1) failing to issue appropriate findings of facts in accordance with Article 11.072 of the Code of Criminal Procedure; (2) finding that his trial counsel rendered effective assistance in advising him to plead guilty; and (3) determining that his plea was voluntarily and knowingly made. For the reasons stated below, we overrule Appellant's contentions and affirm the judgment of the trial court.

### FACTUAL SUMMARY

On May 17, 1999, Albert Aguilar went to the police station to report that he was the victim of an armed robbery by Appellant and Sonia Muro. El Paso Officers R. Trejo and J. Nevarez went to Appellant's house, met with him outside, and asked for identification. Appellant told the officers his identification was inside the house and consented to the officers' entry into his residence. Appellant led the officers to his bedroom and consented to a search for a black handgun and Aguilar's identification cards. In plain view on Appellant's dresser, the officers observed a plastic bag containing cocaine.

**PROCEDURAL BACKGROUND**

Appellant was indicted for the state-jail-felony offense of possession of cocaine of less than one gram. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. In exchange for his plea of guilty, the State agreed to reduce the offense to a Class A misdemeanor pursuant to Section 12.44(b) of the Texas Penal Code and to deferred adjudication for a period of two years with certain terms and conditions of probation. On January 26, 2000, the trial court accepted Appellant's plea and sentenced him in accordance with the plea agreement. Appellant did not appeal from the original judgment placing him on deferred adjudication, but instead filed his post-conviction application for writ of habeas corpus on September 17, 2007. The trial court denied relief without an evidentiary hearing and issued written findings of fact and conclusions of law.

**TRIAL COURT'S FINDINGS OF FACT**

In his first issue, Appellant contends that the trial court's factual findings were essentially conclusions of law, which deprived him "of his right under article 11.072 to an order [that] set out appropriate and necessary 'findings of fact.'"[1] We need not reach the merits of this issue as Appellant wholly failed to brief his contention. Other than his conclusory allegation, Appellant has not identified why the findings of fact were objectionable or provided any explanation as to why those findings were conclusions of law rather than factual recitations. He has not supported his contention with any legal analysis, nor provided us with authority addressing arguments identical or analogous to that uttered at bar. Thus, we find that Appellant has waived his complaint based on inadequate briefing, and therefore nothing is presented for our review. *See* TEX. R. APP. P. 38.1(h); *Green v. State*, 682 S.W.2d 271, 293 (Tex. Crim. App. 1984) (complaint inadequately briefed where

---

[1] Article 11.072 provides that the court must enter written findings of fact and conclusions of law when denying a non-frivolous writ application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (Vernon 2005).

appellant failed to show where in the record the alleged leading questions occurred and state what questions he alleges were leading). Appellant's first issue is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's final two issues complain of trial counsel's effectiveness. Issue Two alleges counsel was ineffective for advising Appellant to plead guilty, and Issue Three contends that Appellant's plea was not knowingly made because trial counsel failed to apprise him of important facts and the law applicable to the case. We find both contentions to be without merit.

The standard for determining claims of ineffective assistance of counsel under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Jackson*, 877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson*, 877 S.W.2d at 771.

We indulge a strong presumption that counsel's strategy was sound and fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Therefore, allegations of ineffectiveness must be firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We will not speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy. *Robinson v. State*, 16 S.W.3d 808, 813

n.7 (Tex. Crim. App. 2000).

In a habeas corpus proceeding under Article 11.072, the applicant bears the burden to prove his claims by a preponderance of the evidence. *See State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.–Houston [1st Dist.] 2007, no pet.). We review the habeas court's ruling under the abuse-of-discretion standard. *Id.* We consider the evidence in the light most favorable to the ruling and afford almost total deference to the court's determination of historical facts, particularly where the factual findings are based on an evaluation of credibility and demeanor. *Id.* Legal questions are subject to *de novo* review. *Id.*

Appellant contends counsel was ineffective for advising him to plead guilty when the State lacked sufficient evidence to link him to the cocaine found in his bedroom, and that his plea was not knowing since counsel did not apprise him that Muro believed Aguilar planted the cocaine, that the amount of cocaine seized was .11 grams, or that he would be unsuccessful at trial and could expect a sentence of two years' confinement. Other than his uncorroborated allegations, nothing substantiates Appellant's contentions that counsel behaved in the manner alleged. Appellant did not obtain an affidavit from trial counsel, and the trial court determined that there was nothing in the habeas corpus record showing counsel advised Appellant to plead guilty or failed to fully apprise Appellant of the facts and law applicable to his case. Absent evidence supporting Appellant's claims, we decline to find counsel engaged in the conduct alleged. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective"); *Arreola v. State*, 207 S.W.3d 387, 393 (Tex. App.–Houston [1st Dist.] 2006, no pet.) ("Appellant's uncorroborated testimony that he was misinformed by counsel does not meet his burden to show that his plea was involuntary."); *Rodriguez v. State*, Nos. 07-07-0104-CR, 07-07-0105-CR, 07-07-0106-CR, 07-07-

0107-CR, 07-07-0108-CR, — S.W.3d —, 2009 WL 1815506, at *2 (Tex. App.–Amarillo June 24, 2009, no pet. h.) (not yet reported) (finding appellant's complaint of ineffectiveness not firmly founded in the record when nothing showed counsel was responsible for his decision to plead true to the enhancement paragraph). Therefore, viewing the evidence in the light most favorable to the trial court's ruling and giving due deference to the court's determination of historical facts and credibility, we find Appellant's uncorroborated allegations of ineffectiveness not firmly founded in the record. *See Thompson*, 9 S.W.3d at 813 ("Any allegation of ineffectiveness must be firmly founded in the record . . . ."). Accordingly, Appellant's second and third issues are overruled.

## CONCLUSION

Having overruled Appellant's three issues, we affirm the order of the trial court denying habeas corpus relief.


                                        GUADALUPE RIVERA, Justice
September 30, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)