COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                         |   |                        |
|-------------------------|---|------------------------|
|                         | § | No. 08-08-00313-CR     |
|                         | § | Appeal from            |
|                         | § |                        |
| EX PARTE: JAMES CROOK   | § | 383rd District Court   |
|                         | § | of El Paso County, Texas |
|                         | § | (TC # 20010D03480-02)  |
|                         | § |                        |

**O P I N I O N**

James Crook appeals from an order denying habeas corpus relief. For the reasons that follow, we affirm.

**PROCEDURAL AND FACTUAL SUMMARY**

The evidence submitted to the trial court reflected that Irma Escandon was employed by a chiropractor's office. Pursuant to an arrangement between Crook and Escandon's employer, Escandon solicited clients who had been in car accidents by telephone after reviewing accident reports. Escandon referred all of the prospective clients to Crook's law office, who in turn referred them back to the chiropractor's office.

On August 9, 2002, a jury found Crook guilty of thirteen counts of barratry and assessed his punishment at imprisonment for a term of ten years, probated for seven years, and a $10,000 fine. The trial court ordered both the probationary terms and the fines to run concurrently. Both Crook and the State appealed. We affirmed Crook's conviction on June 30, 2005. *Crook v. State*, No. 08-02-00382-CR, 2005 WL 1539187 (Tex.App.--El Paso June 30, 2005, pet. ref'd). By separate opinion issued that same date, we rejected the State's argument that the sentence was illegal

because the trial court ordered the fines to run concurrently rather than consecutively. *State v. Crook*, No. 08-02-00383-CR, 2005 WL 1536230 (Tex.App.--El Paso June 30, 2005, pet. ref'd). The Court of Criminal Appeals granted Crook's petition for discretionary review and remanded the cause for consideration of Crook's argument that the court did not have jurisdiction to entertain the State's appeal. On remand, we found that there was a jurisdictional basis for the State's appeal. *State v. Crook*, No. 08-02-00383-CR, 2006 WL 3234089 (Tex.App.--El Paso March 21, 2007, pet. ref'd). The Court of Criminal Appeals granted the State's petition for discretionary review and affirmed, holding that the trial court was statutorily required to order Crook's fines on each count of barratry to run concurrently where the counts arose out of the same criminal episode and were prosecuted in a single criminal action. *State v. Crook*, 248 S.W.3d 172 (Tex.Crim.App. 2008).

After the mandate issued, Crook filed an application for writ of habeas corpus pursuant to Article 11.072[1] raising ineffective assistance of counsel based on allegations that trial counsel (1) failed to convey a favorable plea bargain to him, (2) failed to request an accomplice-witness instruction, and (3) failed to secure an investigator to interview the primary witness, Irma Escandon, and others to establish that he did not commit barratry. Crook attached his own affidavit to his writ application. The State filed an answer and attached pertinent portions of the trial record as well as the affidavits from the following people: the assistant district attorneys who prosecuted the case (Patricia Acosta and Kyle Lasley); trial counsel; the detective who investigated the case; and the investigator retained by trial counsel. On October 28, 2008, the trial court entered an order denying habeas corpus relief. The order includes the court's findings of fact and conclusions of law. This appeal follows.

## INEFFECTIVE ASSISTANCE

---

[1] TEX.CODE CRIM.PROC.ANN. art. 11.072 (Vernon 2005).

In Issue One, Crook challenges the trial court's denial of habeas corpus relief. Crook contends that he was denied the effective assistance of counsel because trial counsel objected to the inclusion of an accomplice witness instruction in the charge and failed to convey or seek a plea bargain offer. Crook has not challenged the trial court's ruling on the failure to investigate allegation.

In a habeas corpus proceeding brought under Article 11.072, it is the applicant's burden to prove his claim by a preponderance of the evidence. *See State v. Webb*, 244 S.W.3d 543, 547 (Tex.App.--Houston [1st Dist.] 2007, no pet.). The two-prong analysis adopted by the United States Supreme Court in *Strickland v. Washington* is the standard for determination of claims of ineffective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). First, he must prove that his counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064; *Ex parte McFarland*, 163 S.W.3d 743, 753 (Tex.Crim.App. 2005). Particularly, the habeas applicant must prove by a preponderance of the evidence that his counsel's representation fell below the standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Second, the applicant must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To establish prejudice, the habeas applicant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id*. This two-pronged test is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial produced unreliable results. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).

When conducting a review of a claim of ineffective assistance of counsel under the first prong of *Strickland*, there is a strong presumption that defense counsel's conduct was reasonable and constituted sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). In order to overcome this strong presumption, claims raising ineffective assistance of counsel must be firmly founded and affirmatively demonstrated in the record. *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999). The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson*, 877 S.W.2d at 771, *citing Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. This highly deferential review is employed to avoid "the distorting effect of hindsight." *McFarland*, 163 S.W.3d at 753, *quoting Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Generally, we review a trial court's decision to grant or deny relief on a writ of habeas corpus for abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex.Crim.App. 2006); *Webb*, 244 S.W.3d at 547; *Jaime v. State*, 81 S.W.3d 920, 924 (Tex.App.--El Paso 2002, pet.ref'd). The reviewing court accords great deference to the trial court's findings and conclusions and views the evidence in a light most favorable to the ruling. *Jaime*, 81 S.W.3d at 924. Such deference must be given even when all of the evidence is submitted by affidavits. *See Ex parte Wheeler*, 203 S.W.3d at 325-26.

*Accomplice Witness Instruction*

The trial court included an accomplice-witness instruction in its proposed jury charge regarding Escandon's testimony, but removed it because trial counsel objected to its inclusion. Crook asserts that this amounts to deficient performance which prejudiced his defense.

An accomplice witness is one who acted as an accomplice to a defendant before, during, or after the commission of a crime and testifies against the defendant concerning that same crime.

*Villarreal v. State*, 576 S.W.2d 51, 56 (Tex.Crim.App. 1978). Accomplice-witness testimony must be corroborated by other evidence before a conviction may be had upon it. TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 2005). This rule is meant to assure that the jury does not consider an accomplice witness's testimony unless it finds that the accomplice witness is telling the truth based on other evidence corroborating the witness's testimony. *See McDuff v. State*, 943 S.W.2d 517, 520 (Tex.App.--Austin 1997, pet. ref'd).

At trial, Crook relied on the defensive theory that he was not guilty of barratry because Escandon was not his employee and that any solicitation of cases by her was for the chiropractors who employed her. In his affidavit, trial counsel explained that this was a tactical decision made to avoid leaving the jury with the impression that Crook was culpable because Escandon had violated the law and was an accomplice. Trial counsel felt the evidence was clear that Escandon did not violate the barratry statute under a Fifth Circuit case, and as such, she could not have been an accomplice.[2] Trial counsel believed the instruction would have caused far more harm than any benefit which might have been gained by inclusion of the instruction in the charge. The trial court found that:

> [T]rial counsel made a well-considered strategic choice to not request an accomplice-witness instruction, and indeed to object to it, and such choice was made after thorough investigation of the facts and the law. That strategy was not outside the wide range of professionally competent assistance. Trial counsel's decision and strategy was reasonable according to prevailing professional norms.

In his brief, Crook asserts that Escandon was an accomplice. The issue is not whether trial counsel was ultimately correct in his conclusion that Escandon was not an accomplice, but rather we must determine whether counsel was acting as "a reasonably competent attorney" would under the

---

[2] Trial counsel did not include a case citation in his affidavit, but the Fifth Circuit found Section 38.12 of the Penal Code unconstitutional as applied to chiropractors because it infringed on their right to commercial free speech. *Bailey v. Morales*, 190 F.3d 320, 323-26 (5th Cir. 1999).

circumstances. *McFarland*, 163 S.W.3d at 753. In assessing this, we look to see if counsel was acting as "a reasonably competent attorney" would under the circumstances. *Id*. Trial counsel determined the defensive theory he would pursue in defending Crook and he had a legal and factual basis for that defense. Counsel determined that permitting the instruction to remain in the charge would undercut the defensive strategy. The record supports the trial court's finding that trial counsel made a well-considered and strategic choice to cause the accomplice witness instruction to be excluded from the charge. Crook has failed to prove the first prong of the *Strickland* analysis. It is therefore unnecessary to address the second prong. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2064; *Jackson*, 877 S.W.2d at 771.

*Failure to Convey Plea Offer*

Crook also claimed that trial counsel's performance was deficient because he failed to convey a plea offer. A failure by trial counsel to inform Crook about a plea offer made by the State would constitute deficient performance. *Ex parte Lemke*, 13 S.W.3d 791, 795-96 (Tex.Crim.App. 2000). In his affidavit, Crook asserts that a plea offer was made, that it was concealed from him by his trial counsel, and that all this was admitted to him later by trial counsel. Crook's affidavit is contradicted by the affidavits of one of the prosecuting attorneys and trial counsel. Patricia Acosta, the assistant district attorney who prosecuted the case, averred that trial counsel told her, "that James Crook would not be able to accept any plea offer as any plea of guilty would jeopardize Mr. Crook's license to practice law," and that, therefore, "no plea offer was extended." Defense counsel's recollection is consistent with Acosta's. In his affidavit, he called the contention that he failed to convey a favorable plea bargain "an absolute falsehood," and that "[i]t was Mr. Crook's position that short of an outright dismissal he would not accept any plea offer." The trial court made a credibility determination based on the conflicting affidavits and determined that "[t]here was no failure by trial

counsel to convey a plea offer to Crook from the State because no plea offer was ever made," and "[a]ll information concerning plea bargaining was conveyed to Crook by trial counsel in a timely manner." Our deferential standard of review applies to a credibility determination made on affidavits. *See Ex parte Wheeler*, 203 S.W.3d at 325-26; *Manzi v. State*, 88 S.W.3d 240, 244 (Tex.Crim.App. 2002). The trial court's findings are supported by the evidence. Crook failed to establish by a preponderance of the evidence that his attorney rendered objectively deficient performance. Consequently, his ineffective assistance of counsel claim fails. The trial court did not abuse its discretion by denying habeas corpus relief on the grounds presented. Issue One is overruled.

**NO HEARING**

In Issue Two, Crook argues that the trial court erred by deciding the writ based on the affidavits and other attached evidence rather than holding an evidentiary hearing. He contends that an evidentiary hearing was necessary for him to "fully explore the depths of trial counsels [sic] ineffectiveness."

This application for Writ of Habeas Corpus is governed by TEX.CODE CRIM.PROC.ANN. art. 11.072, which provides:

> (b) In making its determination, the court *may* order affidavits, depositions, interrogatories, *or* a hearing, and *may rely* on the court's personal recollection.
>
> (c) *If* a hearing is ordered . . . . [Emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 11.072, §§ 6(b)-(c) (Vernon 2005). From the plain language of the statute it is clear that the decision whether to hold a hearing is within the discretion of the trial court. *See Ex parte Carbajal*, No. 08-03-00297-CR, 2004 WL 1772113, at *7-8 (Tex.App.--El Paso, Aug. 5, 2004, pet.ref'd)(not designated for publication).

In support of his argument, Crook cites *Hall v. Quartermain*, 534 F.3d 365 (5th Cir. 2008) which neither adds to nor subtracts from the trial court's discretion under TEX.CODE CRIM.PROC.ANN. art. 11.072. *Hall* discusses hearings on applications for habeas corpus under UNITED STATES CODE, Title 28, sec. 2254(e)(2), not TEX.CODE CRIM.PROC.ANN. art. 11.072.[3] *Hall* is therefore not controlling. Crook also relies on *Ex Parte Varelas*, 45 S.W.3d 627 (Tex.Crim.App. 2001) and *Thompson v. State*, 9 S.W.3d 808 (Tex.Crim.App. 1999) to support his argument that he was entitled to a hearing. These cases stand for the proposition that on an application for habeas corpus a trial court has the *opportunity* to develop the record by holding a hearing. *Ex parte Varelas*, 45 S.W.3d at 630; *Thompson*, 9 S.W.3d at 814-15. These cases do not make evidentiary hearings mandatory in habeas corpus proceedings.

Crook has failed to show that the trial court abused its discretion by making its decision based on affidavits rather than an evidentiary hearing. Issue Two is overruled. Having overruled both issues for review, we affirm the judgment of the trial court.

July 28, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

---

[3] Section 2254(e)(2) of United States Code Title 28 only applies to habeas corpus proceedings in federal court based on a state court decisions where an issue was not fully developed in the state court trial. It is further limited to situations where the party is relying on a new rule of constitutional law and/or new factual predicates that were previously undiscoverable.