**Opinion issued September 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00462-CR

———————————

## EX PARTE PHO RI MA

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1271246-A**

---

## MEMORANDUM OPINION

Appellant Pho Ri Ma appeals from the trial court's denial of habeas relief, which she requested pursuant to Article 11.072 of the Texas Code of Criminal Procedure. Ma alleged that her trial counsel, Michael P. Fosher, rendered

ineffective assistance of counsel by failing to advise her of the immigration consequences of her guilty plea. We affirm the trial court's judgment.[1]

## Background

On January 20, 2011, Ma, a native of the Republic of Myanmar who speaks only Burmese, pleaded guilty to a felony offense of theft ($1,500.00 to $20,000) and received 2 years deferred adjudication. On February 21, 2014, Ma filed an application for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (West Supp. 2014).

In support of her application, Ma filed an affidavit in which she averred that her trial counsel, Michael P. Fosher, did not apprise her of the immigration consequences of her plea,[2] and that had she understood those consequences, she would have insisted on going to trial. Lillian Mim, who translated hearings and Ma's discussions with Fosher, also filed an affidavit in support of Ma's application. In her affidavit, Mim averred that, although she was not a certified translator, her understanding of what Fosher said was that if Ma signed the

---

[1]    On September 24, 2014, Ma filed Appellant's Motion Requesting Clarification. The motion requests that the Court notify the parties whether the filing of briefs is required. Texas Rule of Appellate Procedure 31.1 provides that briefs are only required if requested by the court following receipt of the record. *See* TEX. R. APP. P. 31.1. Upon review of the record, the Court determined that this appeal could be decided without briefs.

[2]    Under 8 U.S.C. § 1227(a)(2)(A)(i)(I), Ma would be immediately deportable upon pleading guilty to the charged offense, which the federal statute regards as a crime involving moral turpitude.

2

documents she would be free to go home, and the case would be over. Mim further averred: "[t]he attorney did not explain that she would be subject to mandatory detention and that she would be removed with virtual certainty. The attorney did not explain that the plea she was signing meant that she would be subject to mandatory detention."

In response, Fosher filed an affidavit stating that, through Mim, he had fully explained the immigration consequences of a guilty plea to Ma, that Ma had no defense to the State's allegations and that a trial was not in her best interest. He further stated that he had no problems communicating with Mim, the translator, and that it was his understanding that all information was translated accurately and truthfully to Ma.

## Discussion

### A. Standard of Review and Applicable Law

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *See Ex parte Garcia,* 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *Ex parte Wheeler,* 203 S.W.3d 317, 326 (Tex. Crim. App. 2006); *Ex parte Necessary*, 333 S.W.3d 782, 787 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting our review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). An appellant bears the burden to prove her claims for habeas relief by a

3

preponderance of the evidence. *See Ex parte Peterson,* 117 S.W.3d 804, 818 (Tex. Crim. App. 2003); *State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

We afford great deference to its findings of fact and conclusions of law that are supported by the record, even when the findings are based on affidavits rather than live testimony. *See Ex parte Mello*, 355 S.W.3d 827, 832 (Tex.App.—Fort Worth 2011, pet. ref'd) (op. on reh'g). To the extent that the resolution of the ultimate question turns on an evaluation of credibility and demeanor, we also afford great deference to the trial court's application of the law to the facts. *See id.*

## B. Analysis

Ma contends that her trial counsel's representation was constitutionally deficient because he did not advise Ma that pleading guilty to the theft charge would render Ma deportable. In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court held that "longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country" demanded that counsel "inform [his] client whether [her] plea carries a risk of deportation." *Id.* at 374. When the deportation consequence is "truly clear," counsel's duty is to warn a defendant that she would be deported. *Id.* at 369. When the consequences are "not succinct and straightforward," however, counsel "need

4

do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

Here, the trial court heard conflicting evidence regarding what Fosher told Ma about the consequences of pleading guilty. Fosher averred that he advised Ma that a guilty plea would subject her to deportation. He also averred that, through Mim, he thoroughly discussed with Ma all the ramifications of accepting the plea and that Ma understood all the ramifications and nevertheless decided to plead guilty. By contrast, Ma and Mim averred that Fosher did not apprise Ma that her plea would carry any immigration consequences.

The trial court's Findings of Fact and Conclusions of Law state that the trial court found Fosher's affidavit to be credible. They also state that the statements in the affidavit of Lilian Mim did not correspond with the recollection of the trial court and that Mim's affidavit was not credible. Because the trial court heard conflicting evidence and the record supports the trial court's findings, we may not disturb the trial court's findings on appeal. *See Mello*, 355 S.W.3d at 832; *see also Ex parte Sanchez*, No. 14-13-00765-CR, 2014 WL 3051278 (Tex. App.—Houston [14th Dist.] July 3, 2014, no pet.) (memo. op, not designated for publication) (trial court did not abuse its discretion in denying writ of habeas corpus where trial court heard competing evidence regarding advice given by counsel on immigration consequences of plea).

5

Because we conclude that the trial court did not abuse its discretion, we overrule Ma's sole issue.

## Conclusion

We affirm the trial court's judgment. All pending motions are dismissed as moot.


Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).